SAMUEL R. ROMANO, ADMINISTRATOR, ETC., *v.* YAZOO &
MISSISSIPPI VALLEY RAILROAD COMPANY.

[40 South. Rep., 150.]

EMINENT DOMAIN.  *Damages.  Evidence.  Statute of limitations.  Code*
  1892, § 2737.  *Instruction.*

  In an action for damages to real property, not used for warehouse
  purposes, caused by the construction and operation of a railroad
  sidetrack in front of it:

  (*a*) Evidence showing that the property was enhanced in value for
  warehouse purposes by the construction of the track is inadmis-
  sible; and

  (*b*) An instruction asked by plaintiff to the effect that if the side-
  track damaged the property for the use to which it was put by
  plaintiff, its enhanced value for warehouse purposes should not be
  set off against such damages, should be given; and

  (*c*) An instruction asked by defendant to the effect that unless the
  jury believe that the property was damaged by the construction of
  the sidetrack, they should find for defendant, should be modified so
  as to allow plaintiff to recover nominal damages; and

  (*d*) The statute of limitations applicable is Code 1892, § 2737—the
  six-years statute.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Romano, administrator of the estate of Regina Dohler, de-
ceased, the appellant, was plaintiff in the court below; the rail-
road company, the appellee, was defendant there.    The suit was
for damages to land, caused by the construction and operation by
defendant of a third railroad sidetrack in front of the premises of
appellant's intestate, the railroad company having for years
rightfully maintained and operated two such tracks.    There
was a conflict in the evidence as to whether the property was
damaged and as to the time when the third track was constructed.

87 Miss.—46

From a verdict and judgment for the defendant the plaintiff appealed to the supreme court.

On the trial the railroad company offered evidence tending to show the enhanced value of the intestate's property for "warehouse purposes" by reason of the building of the track, and the plaintiff moved to exclude the evidence on the ground that it was irrelevant, since the property was not used for warehouse purposes, which motion was overruled, and the evidence allowed to go to the jury.

The court refused the following instructions asked by the plaintiff:

"4. The court instructs the jury that, if they believe from the evidence in the case that the defendant constructed and operated three tracks on Levee or Water street in front of plaintiff's said property, building and operating the said third track within six years next before the filing of this suit, and thereby damaged it, then they must find for the plaintiff and assess damages at such sum as the evidence in the case shows plaintiff has sustained.

"5. The court instructs the jury that, if they believe from the evidence in the case that the placing of said third track, or switch, in front of plaintiff's property on Levee street damaged the property for the purposes and uses to which it was put, they cannot offset said damage by the enhanced value, if any, of said property for warehouse purposes by placing of said third track, or switch, in front of plaintiff's property."

The court gave the following instructions asked by the defendant:

"2. The court instructs the jury, for the defendant, that, if they believe from the evidence that plaintiff is entitled to recover, then they can only award damages for any injury caused by the switch track running into Lever Bros.' oil mill, and must not take into consideration any damage from the other two tracks

of defendant, as defendant has bought and paid for the right to construct and operate said two tracks.

"3. The court instructs the jury, for the defendant, that, if they believe from the evidence that the switch in question was constructed by defendant or the Louisville, New Orleans & Texas Railway Company in yards previous to January 11, 1901, and has been used and operated by said Louisville, New Orleans & Texas Railway Company and this defendant since that time and up to the bringing of this action, then they will find a verdict for defendant.

"4. The court instructs the jury, for the defendant, that, unless they believe from the evidence that the property in question has been damaged by the building of the switch in question, they will find a verdict for defendant."

*Brunini & Hirsh,* and *Anderson & Voller,* for appellant.

The lower court erroneously permitted the appellee's witness, Fitzhugh, over the objection of appellant, to testify that the property in question was enhanced in value for warehouse purposes by the construction of said switch.   Our contention is that the true test is to take and consider the property as it was at the time of the construction of the switch, and that it is for neither the witness nor the jury to speculate as to what its value might be if used for some other purpose than that for which it was being then used.

In the case of *Birch* v. *Lake Roland Elev. Ry. Co.,* 34 Atl., 1013, the supreme court of Maryland say:

"The second proposition contained in the plaintiff's prayer, to the effect that the plaintiff was entitled, to recover for the diminution in the value of his property as and for a livery stable, is undoubtedly correct.   The property was originally built for such purpose, and in its existing condition was available for that purpose only.   He was, therefore, entitled to claim such damages as the evidence showed that he had sustained in the diminished value of his property for that purpose, occasioned

by the construction of the road." 4 Suth. on Dam. (3d ed.), 3103; *Birch* v. *Lake Roland Elev. Ry. Co., supra; Johnson* v. *Railway Co.,* 66 N. E. Rep., 204.

When real estate is used in carrying on a business, the damage to be assessed for the diminution in value of the real estate is estimated in reference to the use to which it is adapted, and not for loss in the business. *Maynard* v. *Northampton,* 157 Mass., 218 (31 N. E. Rep., 1062); *Edmonds* v. *Boston,* 108 Mass., 535; *Williams* v. *Con,* 168 Mass., 364 (47 N. E. Rep., 115); *N. Y., N. H. & H. R. R. R. Co.* v. *Blacker,* 178 Mass., 386 (59 N. E. Rep., 1020); *Boston Belting Co.* v. *Boston,* 67 N. E. Rep., 428; *City of Denver* v. *Boyer,* 2 Pac. Rep., 6; *Railroad* v. *Ward,* 18 N. E. Rep., 828; *Railway* v. *Bourne,* 16 Pac. Rep., 839; *Coal Co.* v. *Chicago,* 26 Fed. Rep., 415; *City of New Britain* v. *Sargent,* 42 Conn., 137.

In the case of *Railroad Co.* v. *Bloom,* 71 Miss., 251 (s.c., 15 South. Rep., 72), this court substantially, though not in words, held to the same doctrine. Bloom was allowed to recover for damages occasioned to his property, considering the purposes for which it was being used at the time.

Instruction No. 4 given by the court for appellee should not have been given, for the reason that appellant was in any attitude of the case entitled to nominal damages if the jury believed that the switch had been constructed within six years next before the filing of the declaration in this suit. Let us further examine into this proposition.

This instruction given for appellee absolutely takes from the jury the question of nominal damages, which are always recoverable for the positive and wrongful invasion of another's property. 1 Suth. on Dam. (3d ed.), secs. 9-11.

"For every trespass to property, whether real or personal, there may be a recovery of nominal damages, though no substantial damages be shown." 8 Am. & Eng. Ency. Law, 558; 13 Cyc., 19, 20.

That the placing of a switch track on a street, immediately in front of the property of appellant's intestate, was an invasion of the property is no longer open to question in this state. *Theobald* v. *Railroad Co.,* 66 Miss., 279 (s.c., 6 South. Rep., 230); *Stowers* v. *Telegraph Co.,* 68 Miss., 559 (s.c., 9 South. Rep., 356); *Railroad Co.* v. *Bloom, supra; Hazlehurst* v. *Mayes,* 84 Miss., ·7 (s.c., 36 South. Rep., 33).

The authorities say that a judgment will be reversed for a failure to recognize a plaintiff's right to nominal damages under either of two conditions: (1) Where a permanent right is at issue and a judgment entered thereon would be conclusive and binding upon the rights of the parties; (2) where the recovery of nominal damages has the effect of carrying the cost of the action. 13 Cyc., 20, 21; 8 Am. & Eng. Ency. Law (2d ed.), 560.

*Mayes & Longstreet,* and *C. N. Burch,* for appellee.

There was no error in permitting witnesses in the court below to testify to the enhanced value of property adjacent to the railroad line caused by the construction thereof. It is proper to prove the fact of such enhancement in value, although it cannot be offset against actual damages sustained by the property owner.

There was no error in the granting of instruction No. 4 to the defendant below, where the court left to the jury the determination of the question of actual damages. It was certainly competent for the court to say to the jury that, if they believed from the evidence that no damage of any sort was suffered by plaintiff, he could not recover. This was the very gist of the action. It left to the jury the determination of the question of actual damages, pure and simple.

There had been no demand for nominal damages in the declaration; there was no demand for nominal damages in any of the instructions asked by plaintiff. The proposition that appellant is entitled to recover nominal damages is for the first time pre-

sented to this court. The rule as to the right to nominal damages is too clear to admit of controversy at this late hour. But a right to nominal damages on account of technical violation of some legal right of a litigant cannot be set up for the first time in the supreme court when the case appealed has been tried wholly, entirely, on the issue as to the right to recover certain actual damages alleged, but which the jury determined were not sustained by the proof.

The authorities cited by counsel in support of the various propositions are sound. We take no issue with these; indeed, we feel that there is little room for dispute as to the law of the case. But we submit to the court that the law was substantially declared to the jury, and this case turns wholly upon an issue of fact, which in the court below was determined by the jury in favor of the defendant, after full development of all the facts and full discussion of the same before them.

CALHOON, J., delivered the opinion of the court.

We think it was error to overrule plaintiff's motion to exclude evidence of the enhanced value of his intestate's property "for warehouse purposes" by reason of the building of the side track. It could only induce the jury to think they might offset by enhanced values any damages they might find.

We think the refusal of the fourth instruction for the plaintiff was correct. As stated, it is confusing. There was only one track involved, and the statute of limitations would begin to run from the commencement of operations by the railroad company. The fifth instruction for the plaintiff should have been given.

The second instruction for the defendant was properly given. The third instruction for the defendant may or may not have been properly given. If the date in this record—January 11, 1901—is the true date, it was error to give it. It takes six years from the date of the commencement of operations to bar such an action. The giving of the fourth instruction for the de-

fendant was right, except that it should have stated that no more than nominal damages could be given on the predicate of the instruction.

*Reversed and remanded.*