GILLESPIE, Presiding Justice:
Horace Baker and others, (hereinafter plaintiffs) sued Columbia Gulf Transmission Company, (hereinafter Columbia) in the Circuit Court of Alcorn County for damages to plaintiffs’ land when Columbia constructed a pipe line. The trial court sustained a demurrer to the declaration and dismissed the suit with prejudice. Plaintiffs appeal.
On the 15th day of October, 1953, plaintiffs’ predecessor in title executed to Columbia’s predecessor a right of way agreement, which provided in part as follows:
1. Know all men by these presents: That the undersigned John Binzie & Will Binzie, both single persons, (hereinafter called GRANTOR, whether one or more), for and in consideration of One Dollar in hand paid, receipt of which is hereby acknowledged, and the further consideration of One Dollar ($1.00) per linear rod to be paid before the first pipe line is laid, does hereby grant, bargain, sell, convey and warrant unto GULF INTERSTATE GAS COMPANY, (a Natural Gas Company under the Act of Congress of June 21, 1938, 15 U.S.C.A. 717), a Delaware Corporation, its successors and assigns (hereinafter called GRANTEE), a right of way and easement to construct, lay, operate, maintain, alter, repair, remove, change the size of and replace pipe lines and appurtenances (including without limitation Cathodic Protection equipment) thereto for the transportation of oil, gas, petroleum products or any other liquids, gases or substances which can be transported through pipe lines, the Grantee to have the right to select, change, or alter the routes under, upon, over and through the property situated in the County of Alcorn, State of Mississippi, described as follows: [description omitted]
2. By the terms of this agreement, Grantee has the right to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace at any time or from time to time one or more additional lines of pipe and appurtenances thereto, said additional lines not to necessarily parallel any existing line laid under the terms of this agreement. Provided however, that for each additional line laid after the first line is laid hereunder, Grantee shall pay Grantor, his heirs or assigns, One Dollar ($1.00) per lineal rod of additional pipe *41 line laid under, upon, over or through said hereinabove described property.
3. The said Grantor is to fully use and enjoy said premises except for the purposes herein granted to the said Grantee and provided the said Grantor shall not construct or permit to be constructed any house, structures, or obstructions on or over or that will interfere with the construction, maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade of such pipe line.
4. Grantee hereby agrees to bury the pipe line to a sufficient depth so as not to interfere with cultivation of the soil and agrees to pay for any damage to growing crops and fences which may arise from the construction, maintenance and operation of said lines. Said damage, if not mutually agreed upon, shall be ascertained and determined by three disinterested persons one thereof to be appointed by said Grantor, one to be appointed by the Grantee, its successors or assigns, and the third to be chosen by the two persons appointed as aforesaid. The written award of such three persons shall be final and conclusive.
5. It is mutually understood and agreed that this agreement as written covers all the agreements and stipulations between the parties and that no representations or statements, oral or written, have been made modifying, adding to, or changing the terms thereof.
6. It is understood and agreed that the sum of _ Dollars per rod as damages in full will be paid to the Grantors herein by the Grantee herein before the said pipe line is laid and the Grantors herein hereby agree that said sum of _ Dollars per rod will be accepted by said Grantors as full and complete settlement for any and all damages (real or alleged) occasioned by the construction of said pipe line on and across the above described land.
In 1955 Columbia installed on plaintiffs’ lands a pipe line. In 1965 another pipe line was installed on plaintiffs’ lands and in so doing damaged the lands by destroying timber, pine seedlings and appropriating 12.85 acres of land.
Plaintiffs do not contest the right of Columbia to construct the second pipe line in 1965 but claim they are entitled to all damages resulting from such construction.
The question for our decision is whether the terms of the right of way agreement limit plaintiffs’ right to damages to that done to growing crops and fences. We hold it does not. The instrument requires Columbia to pay all damages occasioned by the construction of the additional pipe line in 1965 in addition to the stipulated $1.00 per rod per lineal foot.
Ordinarily deeds of conveyance are construed most strongly against the grant- or, but this is not the rule where the grantee prepared the instrument and uses it in printed form, such as the one now before the Court. Hamilton v. Transcontinental Gas Pipeline Corp., 236 Miss. 429, 110 So.2d 612 (1959).
For purposes of easy reference the several paragraphs of the right of way deed have been assigned numbers.
It is the contention of Columbia that plaintiffs are not entitled to anything other than $1.00 per lineal rod for the construction of the additional pipe line in 1965 unless the construction damaged growing crops or fences. Columbia also contends that since the damages alleged by plaintiffs was to timber, pine seedlings, and to the appropriation of the land, the declaration stated no cause of action. Plaintiffs contend that the $1.00 per lineal rod provided for in paragraph 2 does not include payment for damages occasioned by construction of the second pipe line in 1965, and that the failure of the parties to fill in the blanks in paragraph 6 shows that there was never any agreement with reference to the damages to be paid for the construction of the second pipe line.
*42 Our conclusion is based on a careful study of the structure of the right of way agreement. Paragraph 1 contains the granting clause. Paragraph 2 gives Columbia the right to maintain, repair and change the size of pipes and to lay one or more additional lines upon payment of $1.-00 per lineal rod of additional pipe laid. Nothing has been said thus far concerning damages occasioned by construction, maintenance or operation. Paragraph 3 provides the extent of and limitations on grantor’s use of the property. In paragraph 4, in a single sentence, the grantee agrees (1) to bury the pipe lines a sufficient depth so as not to interfere with cultivation of the soil and (2) to pav for any damages to growing crops and fences which may arise from the construction, maintenance or operation of the lines. The second sentence provides for a method of ascertaining the amount of damages, absent an agreement as to amount. While construction is mentioned, it is our opinion the parties intended for the provisions regarding damages in paragraph 4 to apply primarily to damages arising from maintenance and operation after construction. Paragraph 6 is by its terms concerned with “all damages” occasioned, not by maintenance or operation, but solely from “construction.” The blanks in this paragraph were not filled. This indicates that the parties did not agree on a sum to place in the blanks. The presence of this paragraph shows that the parties intended that the grantor would be paid for “all damages” occasioned by the “construction.” This is a different category from the damages to growing crops and fences arising from maintenance and operation as provided in paragraph -4. The “all damages” occasioned by “construction” could not apply to damages to growing crops and fences arising out of “maintenance and operation” although “all damages” referred to in paragraph 6 could include damages to growing crops and fences occasioned by “construction.” The right to construct additional pipe lines extends to the indefinite future and damages occasioned thereby would probably extend beyond growing crops and fences. In our opinion this accounts for the attempt to provide for an agreement concerning “all damages” from construction. Otherwise there would have been no reason to add paragraph 6.
We are of the opinion that paragraph 6, when considered with the other provisions of the agreement, expresses an intention that grantor would be paid for all damages occasioned by construction and that the parties did not agree on the amount. No mention of damages is made in paragraph 2, nor is there any provision in paragraph 1 or 2 that payment of the $1.00 per lineal rod would be accepted as payment for damages occasioned by construction.
If Columbia’s contention is correct there would be no obligation to pay for damaging or destroying a house, barn, silo, pond or any other thing of value on the land during construction. The only reasonable construction is that the provisions of paragraph 4 apply to damages to growing crops and fences arising from maintenance and operation, and that “all damages” mentioned in paragraph 6 refers to all damages occasioned by construction.
In Scott v. Columbia Gulf Transmission Co., 56 Tenn.App. 258, 405 S.W.2d 784 (1965), Columbia was sued for damages arising out of the construction of a second pipe line. The easement was created by the same easement form involved in the present case. The blanks in what we have designated as paragraph 6 were also left blank in the easement involved in the Scott case. The Tennessee court held that this paragraph could not be susceptible to the construction that it applied to future pipe lines because it was in the present tense. We fail to understand how the Tennessee court could hold that paragraph 6 “was clearly in the present tense.” The Scott case is not persuasive. We decline to follow it.
Appellee contends that except for growing crops and fences Columbia is not liable *43 for any damage done in the construction of the pipe line except damages resulting from negligence in doing the work. Numerous cases are cited by appellee in support of this contention including Cities Service Oil Co. v. Corley, 197 So.2d 244 (Miss.1967), which holds that the lessee in an oil and gas lease is not liable for damages to the lands of the surface owner unless (1) there is an express provision in the lease prohibiting the act complained of, (2) the lessee violated some statute, or (3) the damage to the land was not reasonably necessary in the drilling for and the production of oil and gas or, in other words, lessee was negligent in the use made of the land. We are of the opinion that the case now before the Court is distinguished from those relied upon by Columbia because of the express provisions of paragraph 6 of the right of way agreement.
In sum, we hold that the right of way agreement vested in Columbia the right to construct and maintain the pipe line constructed on plaintiffs’ land without the necessity of condemnation proceedings, upon payment of $1.00 per lineal rod plus a sum of money sufficient to compensate plaintiffs for all damages occasioned by construction. Plaintiffs allege three categories of damages as a result of the construction of the pipe line in 1965 as follows: (1) cutting and destroying timber, (2) cutting and destroying pine seedlings, and (3) appropriation of 12.85 acres of land which “can no longer be used profitably by plaintiffs * * *” We are of the opinion that plaintiffs are entitled to recover for the first two categories. As to the third category, the right of way agreement granted Columbia the right to appropriate and use the land for pipe line purposes and plaintiffs are not entitled to recover for the appropriation and use of the land. However, if the construction of the pipe line limits plaintiffs’ use of the land in excess of the limitations stated in paragraph 3 of the right of way agreement, then plaintiffs are entitled to recover for such excess. This would depend upon the proof.
For the reasons stated we hold that the trial court erred in sustaining the demurrer. The judgment dismissing the suit is reversed and the cause is remanded for trial on the merits for the purpose of assessing the damages.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.