**MICHIGAN WISCONSIN PIPELINE COMPANY, Plaintiff,**

v.

**M. P. MOORE et al., Defendants.**

**No. DC 6916–S.**

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 3, 1970.

Charles S. Tindall, of Lake, Tindall & Hunger, Greenville, Miss., for plaintiff.

Roy D. Campbell and L. Carl Hagwood, of Campbell, DeLong, Keady & Robertson, Greenville, Miss., for defendants.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

Plaintiff has submitted two motions in this action for the consideration of the court. In the first motion plaintiff moves the court for permission to amend its answer to defendants' counterclaim so as to add thereto one additional special or affirmative defense.

Rule 1, Fed.R.Civ.P. provides in part "They (the rules) shall be construed to secure the just, speedy, and inexpensive determination of every action." Leave to amend shall be freely given when justice so requires. Rule 15(a) Fed.R.Civ. P.; 3 Moore's Federal Practice ¶ 15.-08(2) at 873.

In the present posture of the case the court sees no just reason why plaintiff should not be allowed to amend its answer to the counterclaim. The motion for leave to amend will be sustained.

Plaintiff's second motion moves the court for a determination of the validity of the special and affirmative defenses raised by plaintiff in its answer to defendants' counterclaim. This motion presents some difficulty to the court. In the first place, there has been no motion filed by defendants to question the sufficiency of the special and affirmative defenses interposed by plaintiff. Such a motion is authorized by Rule 12(f) Fed.R.Civ.P.

Plaintiff has not filed a motion for a summary judgment. If the court should treat the motion for a determination of the validity of defendants' special and affirmative defenses as one for a summary judgment, disposition thereof would be required as provided in Rule 56 Fed.R.Civ.P. In such a case each party would have the right to file affidavits or other supporting evidence in regard to their respective position.

The crux of the motion is that the court is requested to render a pretrial opinion on the validity of the special and affirmative defenses without having heard any evidence in regard thereto.

Defendants have not raised any specific objection to the proposal that the court rule before a trial on the validity of said defenses. It is probable that a pretrial ruling by the court on certain of the legal issues involved in the special and affirmative defenses of plaintiff will save unnecessary and needless expense for both parties. With this in mind, the court will, to some extent at least, respond to the motion.

Plaintiff owns a right-of-way for the construction and maintenance of gas pipelines across the land of defendants acquired in 1955 from a predecessor in title to the land now owned by defendants and involved in this action. A pipeline was constructed in 1956, and, under a multiple pipeline clause in the contract for the right-of-way, a second pipeline was constructed across the land in 1966. Defendants acquired the land

in 1963, by virtue of a conveyance which excepted from the warranty of the conveyance the right-of-way above mentioned.

Plaintiff sued defendants in this action for damages said to have resulted from the grading and removal by defendants of topsoil on the surface of the land under which the 1956 pipeline is buried. Plaintiff contends that as result of defendants' actions the grade of the pipeline was changed and the line brought closer to the surface of the land, causing a dangerous condition to exist, and necessitating the lowering of the line by plaintiff, at great expense to plaintiff. Defendants have filed a counterclaim, alleging negligence in the construction and maintenance of the 1956 pipeline, and seek to reform the right-of-way agreement so as to change, amend or cancel the multiple pipeline clause of the agreement, or, in the alternative, the recovery of damages because of the imposition of the multiple pipeline right-of-way upon the land of defendants. Defendants also seek to recover damages for the negligent construction and maintenance of the 1956 pipeline.

Plaintiff has asserted several special defenses to the counterclaim. These special defenses will be considered by the court and their validity determined to the extent the court deems proper at this stage of the proceeding.

THE ACTION TO REFORM OR CANCEL THE MULTIPLE PIPELINE CLAUSE IN THE RIGHT-OF-WAY AGREEMENT, OR, IN THE ALTERNATIVE, TO AWARD DAMAGES FOR THE IMPOSITION OF THE AGREEMENT UPON THE LAND

Defendants do not allege fraud or overreaching by plaintiff's predecessor in interest in connection with obtaining the right-of-way agreement from the former owners of the land, nor do they claim mutual mistake. The agreement was made in 1955. The pipeline in question was constructed in 1956. Defendants purchased the land in 1963. The court is of the opinion that defendants, being strangers to the agreement, do not have standing in the action sub judice to question the validity of the right of way agreement. Assuming arguendo that they do have standing, the court does not know of any authority and none has been brought to the court's attention which holds that the court is authorized to make a new contract for the parties, even in cases where the parties who executed the contract are before the court.

Defendants contend that the multiple pipeline clause of the contract is so harsh and so inequitable as to make it unconscionable and, therefore, unenforceable. The Mississippi Supreme Court has consistently upheld the validity of right-of-way agreements for pipeline construction which contain unrestricted multiple pipeline rights. Baker v. Columbia Gulf Transmission Co., Miss., 1969, 218 So.2d 39; Ashcot, Inc. v. Texas Eastern Transmission Corporation, 1961, 241 Miss. 392, 129 So.2d 405; Hamilton v. Transcontinental Gas Pipeline Corp., 1959, 236 Miss. 429, 110 So. 2d 612.

This court is bound to apply the *Erie* doctrine to this case.[1] The United States Court of Appeals for the Fifth Circuit has said "There is no area of the law more appropriate for the application of the *Erie* doctrine than land contracts and title law."[2] When the court applies the Mississippi law to the issue at hand it is apparent that defendants' counterclaim does not state a claim upon which relief can be granted for the reformation of the right-of-way agreement or for the recovery of damages on account of the imposition of the easement to the servient tenement owned and held by defendants.

Counsel for both parties have cited the case of Baker v. Columbia Gulf

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Aaron v. Florida Gas Transmission Co., 5 Cir. 1969, 412 F.2d 802.

Transmission Co., supra, in support of their respective positions. The Mississippi Supreme Court, speaking through Presiding Justice Honorable Robert G. Gillespie, recognized the validity of the right-of-way agreement involved in *Baker*. In construing the contract involved in the case, Judge Gillespie held:

"In sum, we hold that the right of way agreement vested in Columbia the right to construct and maintain the pipe line constructed on plaintiffs' land without the necessity of condemnation proceedings, upon the payment of $1.00 per lineal rod plus a sum of money sufficient to compensate plaintiffs for all damages occasioned by construction. Plaintiffs allege three categories of damages as a result of the construction of the pipe line in 1965 as follows: (1) cutting and destroying timber, (2) cutting and destroying pine seedlings, and (3) appropriation of 12.85 acres of land which 'can no longer be used profitably by plaintiffs * * *' We are of the opinion that plaintiffs are entitled to recover for the first two categories. As to the third category, the right of way agreement granted Columbia the right to appropriate and use the land for pipe line purposes and plaintiffs are not entitled to recover for the appropriation and use of the land. However, if the construction of the pipe line limits plaintiffs' use of the land in excess of the limitations stated in paragraph 3 of the right of way agreement, then plaintiffs are entitled to recover for such excess. This would depend upon the proof." [3]

It is clear from the decision in *Baker* that any rights possessed by plaintiffs in that case arose out of the contract between the parties, which the court held to be a valid agreement enforceable according to its terms.

The court is of the opinion that plaintiff's special defense that defendants cannot lawfully prevail in their demand that the contract be reformed or that they be awarded damages because of the imposition of the easement upon the lands owned by them is a valid defense and defeats defendants' rights for the reformation of the contract or for the recovery of damages on account thereof.

## THE RIGHT OF DEFENDANTS TO RECOVER FOR A TRESPASS COMMITTED PRIOR TO ACQUISITION OF THE LAND

Plaintiff contends that defendants do not have a right of action to recover damages, if any were suffered, resulting from the construction of the 1956 pipeline, irrespective of whether the line was negligently constructed or maintained.

Defendants bottom their contention on the rule of law that a purchaser of land after trespass cannot recover therefor, adopted by the Mississippi Supreme Court in Masonite Corp. v. Burnham, 1933, 164 Miss. 840, 146 So. 292; Henritzy v. Harrison County, 1938, 180 Miss. 675, 178 So. 322; Blodgett v. Seals, 1901, 78 Miss. 522, 29 So. 852; Leavenworth v. Hunter, 1928, 150 Miss. 750, 117 So. 122.

In Masonite Corporation v. Burnham, supra, plaintiffs sued Masonite for damages resulting from the pollution of the waters of a navigable creek running through plaintiffs' land. The evidence in the case showed that Masonite established its plant in 1927 and thereafter emptied its refuse matter in the creek aforesaid. For some years prior to the establishment of the plant and thereafter, the City of Laurel emptied its sewerage into the creek. The City of Laurel purchased from the riparian owners the right to do so. The evidence showed that the sewerage of the city alone polluted the waters of the creek throughout the county to such an extent that it caused offensive odors and the breeding of mosquitoes. The evidence tended to show further, however, that the refuse emptied in the creek by Masonite increased the stenches and caused the

---

3. 218 So.2d at 43.

breeding of a greater number of mosquitoes. Burnham and his children purchased their property in April 1930. The trial court refused an instruction to the jury requested by Masonite which would have charged the jury that plaintiffs could not recover any damages for depreciation in the value of their land except such as they might have sustained since April 1930, when they purchased it. The Mississippi Supreme Court held that the trial court erred in refusing to grant the instruction. Speaking through Justice Anderson, the court said:

"* * * The court refused this instruction. That action of the court is assigned and argued as error. We think the instruction should have been given. Appellee, R. L. Burnham, testified that, when they bought the property, they were unaware of the pollution of the stream and the resulting depreciation in the value of the property. Without this instruction, the jury might reasonably have concluded that appellees were entitled to the entire damage to the property, including that which occurred before as well as that which occurred after they bought it. Under the law, appellees purchased the land as they found it, whether they knew of its depreciated value or not. The right of action of their grantor, if any, for the pollution of the stream did not pass to appellees with the convenance. A purchaser of land after a trespass cannot recover for the trespass. * * *"[4]

In *Henritzy* the court considered a demand by plaintiff that the defendant county remove a concrete, flat structure from a right-of-way claimed by the county as an easement for sea-wall and road protection purposes. The county acquired the right-of-way through a former owner of the property. After the right-of-way had been acquired plaintiff purchased the property, and thereafter filed his suit in the lower court.

Answering plaintiff's contention that in any event he was entitled to recover damages for the taking of his property notwithstanding the fact that the owner of the property at the time of the condemnation proceedings failed to claim damages within the time allowed by the statute under which the right-of-way was being acquired, the court said:

"But it is claimed by the defendant that in any event, he is entitled to recover damages for the taking of his property to the amount of at least $250 notwithstanding the fact that no claim for damages was filed within the time required, to wit, within thirty days after the giving of the published notice, nor at any other time. This position, however, is likewise untenable, for the reason * * *. In the third place, there is nothing in this record to evidence or indicate that the defendant acquired by assignment, either by contract or law, the right of Judge Kimbrough to sue for and recover damages on account of the taking of said property for right of way purposes." The purchaser of land takes it without any right of action for former trespasses. * * *[5]

The court is of the opinion that, with the exception hereinafter stated, defendants may not recover any damages on account of the construction of the 1956 pipeline.

## THE CLAIM OF DEFENDANTS FOR DAMAGES ON ACCOUNT OF INJURIES SUFFERED AFTER PURCHASE OF PROPERTY

It is the opinion of the court that in the absence of negligence on the part of plaintiff in the construction or maintenance of the 1956 pipeline defendants' claims for post-purchase damages are limited to those for which provision is made in the right-of-way agreement. The agreement in the case sub judice is complete in every respect, there are no unfilled blank spaces, as in *Baker*, and the language is plain and unambiguous.

4. 146 So. at 294.

5. 178 So. at 326.

There is no need to construe the agreement for the solution of the problems involved in this case.

By the clear provisions of the agreement plaintiff's predecessor in interest purchased and plaintiff now owns the right to construct and maintain multiple pipelines across the land of defendants. In addition to the cash consideration paid at the time of the execution of the agreement, plaintiff must pay defendants one dollar ($1.00) per linear rod for each line laid, after the first line has been constructed, and in addition plaintiff must pay defendants any damages to fences, growing crops and timber suffered as a result of plaintiff's pipeline activities on the land.[6]

As hereinbefore mentioned, the court is of the opinion that defendants do not have a claim against plaintiff for damages for any injury to the land involved by reason of the construction of the 1956 pipeline, with the exception here to be noted. If defendants can show that the 1956 pipeline was negligently constructed, and, as a proximate result of such negligence, they suffered injury after their purchase of the property, they may recover therefor. Cities Service Oil Co. v. Corley, Miss.1967, 197 So. 2d 244.

If the injury flowing from such negligent construction is of a permanent nature, defendants cannot recover, since an action therefor would be barred by the Mississippi statute of limitations.[7]

If, however, the injury itself is a continuing one, defendants may recover such damages as they have suffered since the purchase of the land as a proximate result thereof. Mississippi & T. R. Co. v. Archibald, et al., 1890, 67 Miss. 38, 7 So. 212; Chapman v. Copeland, 1877, 55 Miss. 476.

Nothing herein contained is intended to deny defendants the right to sue for and recover damages for injuries suffered by them during the period of their ownership of the property, as the result

---

6. The pertinent parts of the right-of-way agreement are:

"FOR AND IN CONSIDERATION of Sixty-Five and no/100 . . Dollars ($65.00) receipt of which is hereby acknowledged, the undersigned R. G. (Ralph) Newell and Ethelyn Mabry Newell, husband and wife (hereinafter called 'Grantor', whether one or more) for themselves, their heirs, executors. administrators, successors and assigns, hereby grant, bargain, sell, convey and warrant to American Louisiana Pipe Line Company, A Delaware corporation, its successors and assigns (hereinafter called 'Grantee'), a right-of-way and easement to construct, lay, maintain, operate, alter, repair, replace. change the size of, move and remove a pipe line or pipe lines and appurtenances thereto for the transportation of oil, gas or other substances which can be transported through a pipe line, the grantee to have the right to select, change or alter the route or routes thereof over, through, upon, under and across the following real estate in the County of Tate. State of Mississippi.

*       *       *       *       *

Should more than one pipe line be laid under this grant at any time by Grantee or its assigns, Grantor shall be paid as consideration therefor a sum equivalent to One Dollar ($1.00) per linear rod of each additional line.

The Grantor shall have the right fully to use and enjoy the surface of the said premises except for the purposes herein granted to Grantee, provided that the Grantor shall not construct or permit to be constructed any house, structures or obstructions on or over or that will interfere with the construction, maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade of such pipe line.

Grantee hereby agrees to bury all pipe lines constructed hereunder below ordinary plow depth.

Grantee agrees to pay to the owner of said land and to any tenant or lessee thereof, as their respective interests appear. any damages to fences, growing crops and timber which may be caused by constructing. maintaining. altering, repairing. replacing, changing the size of, moving, or removing the pipe lines and appurtenances constructed hereunder."

7. Section 722 Miss.Code, 1942, Ann.Recompiled. See, also. London v. Braxton. 1958, 233 Miss. 514, 102 So.2d 683, 686: Romano v. Yazoo & M. V. R. Co., 1906, 87 Miss. 721, 40 So. 150, 151.

of negligence, if any, committed by plaintiff in the construction of the 1966 pipeline or in the repair and maintenance of either the 1956 or 1966 line.

Counsel may prepare and submit to the court for entry, within fifteen days, an appropriate order carrying into effect the opinion of the court herein contained.