## SOLAR LABORATORIES v. CINCINNATI ADVERTISING PRODUCTS CO.

### No. 5090.

District Court, S. D. Ohio, W. D.

July 30, 1940.

Edmund P. Wood and Truman A. Herron of Wood & Wood, both of Cincinnati, Ohio, for plaintiff.

Walter F. Murray of Murray, Sackhoff & Paddack, of Cincinnati, Ohio, for defendant.

NEVIN, District Judge.

On April 23, 1940, defendant herein filed a document entitled "Petition for Rehearing." In its petition for rehearing, after setting forth certain findings of this court as set out in a judgment entry filed herein on the 18th day of July, 1939, defendant asserts that "on the 25th day of March, 1940, the Supreme Court of the United States decided the case of Ethyl Gasoline Corp. v. United States, which is reported in 309 U.S. 436, 60 S.Ct. 618, 84 L.Ed. 852; that in the said decision the Supreme Court defines more clearly than it had done before, what actions of a patentee constitute a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and that as so defined, the contract of June 26, 1935, (Plaintiff's Exhibit 9), which this Court has held as a good and valid contract is invalid because of the following facts."

Defendant then sets forth the facts upon which it bases its prayer "that a rehearing may be granted herein." With its petition defendant filed a brief in support thereof.

On May 2, 1940, plaintiff filed a document entitled "Motion to strike from files defendant's Petition for Rehearing."

The cause is now before the court on this motion filed on behalf of plaintiff, it having been agreed at the oral argument on this motion on June 3, 1940 (as shown by transcript of the argument as prepared by the court reporter), that this motion (to strike) should be disposed of first (Trans. P. 2) on the theory that if it was found to be well taken the Petition for Rehearing would never be reached.

Plaintiff's motion reads as follows:

"Now comes the plaintiff, Solar Laboratories, and moves the court to strike from the files the petition for rehearing heretofore filed by the defendant, The Cincinnati Advertising Products Company.

"The reasons for the motion are as follows:

"(1) The petition for rehearing was not filed within the time prescribed by Rule 59(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and it is beyond the power of the court to consider it at this late date.

"(2) The petition for rehearing is based entirely on a contention of the defendant which was completely litigated at the trial of the case, briefed by both parties and fully considered by the court in its decision. The only claim of the defendant which differs from that previously advanced is that the decision of the Supreme Court of the United States in the case of Ethyl Gasoline Corporation v. United States [supra], decided March 25, 1940 'defines more clearly than it (the Supreme Court) had done before what actions of a patentee constitute a violation of the Sherman Act.'

"It is conclusively established that a petition for rehearing to be well founded must be based on a manifest misapprehension of the law or mistake of fact. A decision of the Supreme Court which in the language of the attorneys for the defendant simply 'defines more clearly than it had done before' the law relating to one of the issues in the case is certainly insufficient grounds on which to request a court to review a comprehensive and well considered opinion rendered almost a year before."

Upon a full consideration of the briefs and arguments of counsel and a study of the decision by the Supreme Court in the Ethyl Gasoline Corporation case referred to, the court is of opinion that plaintiff's motion to strike, as based upon the reasons set forth in paragraph 2 thereof and above set out, is well taken and that it should be, and it is, sustained.

The court does not pass upon the motion to strike as based upon the "reasons" set forth by plaintiff in the first paragraph of its "reasons".

Counsel may prepare and submit an order, based upon the "reasons" set forth in the second paragraph of plaintiff's motion, sustaining plaintiff's motion to strike defendant's petition for rehearing from the files.