## CANISTER CO. v. NATIONAL CAN CORPORATION.

## CANISTER CO., Inc., v. SAME.

### Civil Actions Nos. 309 and 365.

District Court, D. Delaware.
July 12, 1946.

---

See, also, 6 F.R.D. 613.

Stuart N. Updike, J. Howard Carter, and John R. Schoemer, Jr. (of Townley, Updike & Carter), all of New York City, and Hering, Morris, James & Hitchens, of Wilmington, Del., for plaintiffs.

William S. Potter and Daniel F. Wolcott (of Southerland, Berl & Potter), all of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is an action for breach of contract. Pursuant to order of the court, separate issues were tried, i. e., (a) was there a contract, and (b) if there was a contract, did it violate the statute of frauds? Both issues were resolved in favor of plaintiff. See D.C., 3 F.R.D. 279 and D.C., 63 F.Supp. 361. Plaintiff objected to finding of fact No. 22 and conclusion of law No. 1, arguing that the terminal date of the contract was not within the separate issues tried. This point was elaborately argued and briefed. The motion to amend was denied. See D.C., 64 F.Supp. 808.

■ New counsel for plaintiff have entered the case and they have renewed plaintiff's application to amend finding of fact No. 22 and its concomitant conclusion of law. I think termination was within the separate issues tried. One of the issues tried was whether, if there was a contract, it was violative of the statute of frauds. Now, before any statute of frauds question can be determined, the duration (whether a day certain or on the happening of a contingency) of the contract must be determined. Accordingly, it was part of plaintiff's case to prove the longest possible duration of the contract. Since plaintiff apparently did not do this (the affidavit of R. Theodore Gwathmey, superficially at least, indicates that it did not prove its best case), it simply failed to prove its strongest case and there is no reason why it should have the opportunity to do so now.

■ Neither party initially argued or briefed this point and neither party offered any unequivocal testimony on it. Ordinarily the interpretation which the parties give to a writing, i. e., the order for separate issues, or their actions under it, are persuasive in determining the meaning of the writing.* But that rule, which is never conclusive, has an extremely limited application to the present inquiry, for, from reasons of advocacy, there was no reason for defendant to argue or underline the issue. Defendant may, and I shall assume did, believe that the question of termination was within the issues tried, but offered no testimony because of lack of proof by plaintiff who, as in every such case, had the burden of proof. There is, then, no mutual interpretation or actions under the order for separate issues inconsistent with the

---

* Cf. Lord Chancellor Sugden's classic quip in Attorney General v. Drummond, 1 Drury & Warren 353, 368, where he said: "Tell me what you have done under such a deed, and I will tell you what that deed means."

court's interpretation of the order, and consequently no reason indicating that the court's interpretation was fallacious. From the record before me, I think the question of termination was within the separate issues tried.

Defendant may submit an order denying plaintiff's motion to amend finding of fact No. 22 and conclusion of law No. 1 or, in the alternative, for a partial new trial.