## ZWEIG v. BETHLEHEM SUPPLY CO.

### No. 13196.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1951.

Harold B. Sanders, Dallas, Tex., for appellant.

Harold A. Bateman, Dallas, Tex., Donald L. Brown, Tulsa, Okl., for appellee.

Before HOLMES and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

RUSSELL, Circuit Judge.

Bethlehem Supply Company sued H. W. Zweig upon an account for described pipe allegedly sold him. Further alleging, the validity of the claim, the purchase more than thirty days prior to the institution of the suit, and non-payment or satisfaction, the plaintiff also sought recovery of reasonable attorney's fees alleged to be $500.00, under the provisions of Article 2226 of the

Revised Civil Statutes of Texas, 1925, Vernon's Ann.Civ.St. art 2226.[1] The answer denied indebtedness for the reasons stated, and predicated defense primarily upon the lack of authority of one Joe Josephson to bind defendant, and a denial that he was or had ever been the defendant's agent, or authorized to deal with the plaintiff on behalf of the defendant. By way of further answer, the defendant contended that the pipe attempted to be furnished was not proper for use under the circumstances known to the plaintiff, but was "line pipe" which must be welded instead of coupled, and is not suitable for well pipe for drilling and inserting into an oil well. Defendant further denied liability for attorney's fees in any sum in excess of $20.00 upon the ground that the statute referred to did not become effective prior to June 29, 1949 and therefore, even if any indebtedness was due, it became due in May, 1949, and the allowance of additional attorney's fees would give retroactive effect to the statute.[2]

Upon conclusion of the evidence the defendant moved the Court for a directed verdict in his favor because agency was not proven or ratification shown, and also, that the evidence failed to show that the title to the pipe had passed to the buyer. He further moved that in any event the attorney's fees be restricted to $20.00. The motion was denied and the Court submitted the case to the jury as controlled by the issue of whether they found Josephson to have acted as the agent of the defendant in purchasing the pipe in question, and directing attention to the fact that there was no dispute as to the price at which the pipe was sold, nor as to $500.00 being the amount of reasonable attorney's fees, the Court permitted the jury to find a general verdict either for the plaintiff or the defendant. Exceptions to the charge were taken by the defendant, but they are not specified as error here. The jury returned a verdict for the plaintiff and judgment was entered for the amount sued for, and $500.-00 attorney's fees. The defendant moved for a new trial based essentially upon the allowance of the attorney's fees and the alleged error of the Court in overruling the defendant's motion for an instructed verdict. Thereafter the defendant moved the Court to set aside the judgment upon the ground of newly discovered evidence, this being in effect that he had only since the verdict ascertained the facts which would show that there had never been any actual delivery of the title or possession to him of the precise pipe claimed to have been sold by the plaintiff, and contradicting some of the testimony submitted by the plaintiff. The Court overruled the motion for a new trial and likewise the motion to set aside the judgment. In the prosecution of the appeal before this Court, counsel specifies as error two propositions. First, that the Court erred in assessing attorney's fees in the amount of $500.00, and any amount in excess of $20.00, and secondly, that the trial Court erred in rendering judgment against the appellant for any amount over and beyond the difference between the reasonable market value of the pipe and the amount charged therefor, since it does not appear "by sufficient and conclusive testimony that the pipe was ordered by the Appellant and was peculiarly and solely adaptable to his use, and in the absence of such proof, it was the duty of the Appellee to have minimized damages."

1. "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express or stock killed or injured, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

2. Prior to the amendment of the statute to read as set forth in footnote 1, the last clause of the statute read "a reasonable amount as attorneys' fees * * * not to exceed twenty dollars". Another difference in provision is referred to in the opinion.

■ In view of the nature of the second specification, while it could be treated as an abandonment of the claim of error in overruling the motion for an instructed verdict, or of the insufficiency of the evidence, nevertheless some consideration of the evidence is necessary to understand the point the appellant seeks to present by the motion to set aside the judgment and the specific error now relied upon. The true substance of the case was, as submitted to the jury by the trial Judge, whether Josephson was the authorized agent of the appellant in making the purchase of the pipe in question. The pipe was not threaded and ordinarily would not have required couplings for its installation, since such pipe is usually welded. According to the plaintiff's contention, there was a shortage of regular 7 inch pipe for placement in the well and consequently defendant, rather than delay his drilling, was willing to use the 5 9/16 inch line pipe which it was contended was sold him and arrangements were made with a machine shop to have it threaded as a rush order. Before the order was given, Josephson and Sutton, plaintiff's representative, visited the machine shop and inspected other pipe which had been similarly reworked, and after the purchase and direction for reworking by Josephson, and upon completion of the threading job, he signed a receipt for the pipe and couplings. The pipe was left at the machine shop subject to call of the defendant. While the evidence for the defendant contradicted in some respects that of the plaintiff, the real issue was whether Josephson was the authorized agent of the defendant in making the purchase and arrangements for threading the pipe, and this of course included his authority to receive the pipe after it had been threaded. The jury determined this question in favor of the plaintiff, and the evidence is sufficient to support the verdict. The merits of the motion to set aside the judgment in final analysis, depend entirely upon the agency of Josephson. Clearly, if he was the defendant's agent, acceptance of the pipe was the defendant's acceptance. Furthermore, such agency being established for the purpose of the case, as it was by the verdict, the notice of where the pipe was, and what had been done to it by the machine shop operation, was known, or legally imputed, to the defendant. This was doubtless apparent to the trial Court in considering the motion to set aside the judgment, with especial reference to the failure of the defendant to ascertain the facts and his claim that they could not have been ascertained by the exercise of due diligence. The Court could properly rely upon the finding of agency implicit in the verdict of the jury. Furthermore, the approach by a motion to set aside the judgment was in effect an effort to secure another trial of the case upon a defensive theory not urged in the original trial. In any view of the matter, the suit was predicated upon a claim of sale and delivery to Josephson, who admittedly had induced the purchase by the defendant of the lease covering the premises upon which the well was drilled, and in which he had an interest by agreement with the defendant. As the result of efforts at collection and settlement of the claim, defendant was advised of at least the plaintiff's general contention. Due diligence would have required investigation and effort of ascertainment of the relevant facts which might have shown nondelivery of the pipe to him. It is not claimed he sought information from Josephson, who admittedly knew the pipe was to be threaded, and contended only that he thought the pipe could be returned. The judgment in favor of the plaintiff for the amount of the indebtedness is not erroneous, nor was it error to refuse to set it aside.

■ We are of the opinion, however, that the Court erred in refusing the motion of the defendant with reference to the claim of attorney's fees in the sum of $500.00. We think there is a material difference in substance, (and not merely provision of additional remedy) between the former Act permitting the recovery of reasonable attorney's fees, not to exceed $20.00, which was in force at the time the transaction was had and the indebtedness matured, and the amended Act which authorized the recovery of "reasonable attorney's fees," which thereafter became effective and was.

applied by the Court in making the award of reasonable attorney's fees. Since in this case the plaintiff recovered the entire amount demanded, another change in the statute is not here material, but in ascertaining the intent and effect of the amendment, nevertheless evidences another substantial change. We refer to the requirement of the former statute which conditioned recovery of even "reasonable attorney's fees not to exceed $20.00," upon the condition that judgment should be obtained upon the primary claim "for the full amount thereof as presented for payment." In the amendment effective June 29, 1949, this provision was changed to condition recovery of attorney's fees only upon the plaintiff obtaining judgment upon the primary claim "for any amount thereof as presented for payment." We are cited to, and have discovered, no ruling of the Texas courts directly upon this question. However, the point here involved is ruled in principle by the decision of the Texas Supreme Court in Piedmont and Arlington Life Insurance Company v. Ray, 50 Tex. 511, which determined that a Texas statute which imposed upon an insurance company which refused to pay a claim within the time specified in the policy additional liability to the insured and also reasonable attorney's fees for the prosecution of the suit, would be applied only to losses occurring after the passage of the law rather than to such as had previously occurred, even though they were still unpaid, since to hold otherwise would "be in direct conflict with the provisions of our State Constitution prohibiting the enactment of retrospective laws.[3]" See also Freeman v. W. B. Walker & Sons, Tex.Com.App., 212 S.W. 637. In the absence of any holding by the Texas courts to the contrary, we feel constrained to hold that Article 2226, Revised Statutes of Texas, should not be given the retroactive effect which would be necessary to authorize the award of attorney's fees here complained of.

We modify the judgment awarding attorney's fees in the amount of $500.00 and direct that only the sum of $20.00 attorney's fees be allowed. As thus modified, and in all remaining features, the judgment appealed from is

Affirmed.

---

3. Art. I, Section 16 of the Constitution of the State of Texas, Vernon's Ann.St., provides: "No bill of attainder, *ex post facto* law, retroactive law, or any law impairing the obligation of contracts, shall be made."