C. Leon HAGER, Plaintiff,

v.

The PAUL REVERE LIFE INSURANCE COMPANY, Defendant.

No. CIV–2–76–135.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 8, 1977.

On Motion For New Trial Oct. 6, 1977.

Wendal D. Jackson, Slaughter, Jackson, Cooper & Watson, Bristol, Tenn., for plaintiff.

James H. Epps, III, and Ferdinand Powell, Jr., Powell & Epps, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a diversity action against the defendant The Paul Revere Life Insurance Company (Revere) by its former agent, the plaintiff Mr. C. Leon Hager, for damages

for the breach of the contract of employment between the parties. The respective parties are deemed citizens of different states, and the amount in controversy exceeds the sum or value of $10,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1), (c). A bench trial was conducted by the Court on June 6, 1977, and the respective parties' proposed findings of fact and conclusions of law were amended and supplemented posttrial.

Mr. Hager became by contract an agent of Revere in 1961. This initial agreement of the parties was supplemented thereafter periodically. The agreement of the parties, which is operative for the purposes of this lawsuit, was entered into between Mr. Hager and Revere on November 4, 1969. That agreement was amended or supplemented on two subsequent occasions.

Under the agreement of the parties, either party could terminate it by giving 30 days' written notice to the other party. Revere gave written notice to Mr. Hager on March 10, 1976 that such agreement was terminated two days thereafter.[1]

Revere paid Mr. Hager after such termination $9,077.82, representing the latter's contribution to Revere's retirement fund, with accrued interest. Subsequent to such payment, it was discovered that Revere had erred in computing such contribution and interest, and Revere concedes it owes Mr. Hager an additional sum thereon of $490.16. It is stipulated further that, when Mr. Hager attains his 65th birthday, he will be entitled to receive from Revere's retirement fund a monthly payment of $81.55 for the duration of his life. The gravamen of the dispute between the parties relates to any entitlement of Mr. Hager to receive now and *in futuro* commissions on the renewal premiums which have been, and may be, paid by Revere's policyholders on policies of insurance with that company which were negotiated initially by Mr. Hager.

" * * * It is a well-established general rule that the right of an insurance agent to commissions on renewal premiums depends upon the contract existing between the agent and the insurance company. * * * " Anno: Insurance agent's right to commissions on renewal premiums, 79 A.L.R. 475, I, citing, *inter alia, Ensworth v. New York L. Ins. Co.* (1868), 1 Flipp. 92, Fed.Cas. no. 4,496; *Masden v. Travelers Ins. Co.,* C.C.A. 8th (1931), 52 F.(2d) 75, 79 A.L.R. 469; *Chicago L. Ins. Co. v. Tiernan,* C.C.A. 8th (1920), 263 F. 325; *Yowell v. Union Cent. L. Ins. Co.* (1918), 141 Tenn. 70, 206 S.W. 334. " * * * 'It is so well settled as not to require the citation of authority that even onerous agreements will be enforced according to their plain meaning where fairly entered into.' * * * " *United States v. Easement and Right-of-Way,* D.C.Tenn. (1966), 271 F.Supp. 55, 58[7], n. 1, quoting from *Scott v. Columbia Gas Transmission Company,* (1965), 56 Tenn.App. 258, 405 S.W.2d 784, 788[2], certiorari denied (1965), rehearing denied (1966).

The amended and supplemented agreement of the parties provided that Revere would pay to Mr. Hager in percentage amounts specified commissions on first-year and renewal premiums received by Revere as set forth in respective schedules relating to: individual health insurance, ordinary life insurance and annuity policies, and group insurance policies Revere issued and placed on applications produced personally by Mr. Hager, " * * * [a]s full compensation for the services[2] * * * " which Mr. Hager performed for Revere for " * * * as long as [the parties' agreement was] in force. * * * " It was agreed that, upon the termination of the parties' agreement,

---

1. Of course, this employment contract could not have been, and was not, terminated, by its terms, until the expiration of 30 days after the notice of termination was given on March 10, 1976; it did terminate 30 days after that date, however. *Lyon v. Pollard* (1874), 20 U.S. (Wall) 403, 22 L.Ed. 361, 362 (headnote 3).

2. Renewal commissions were payable on individual health insurance and ordinary life insurance and annuity policy premiums for Mr. Hager's sales. As to premiums on group insurance policies Mr. Hager was paid a selling commission for the first year of the policy and a "service" commission thereafter.

first-year commissions as provided therein on business then in force will be payable as provided therein, but no further renewal commissions, supplementary commissions, allowances or other remuneration will be payable, except as may be otherwise provided by paragraph 4(c) of such agreement. * * *

It was provided therein also that, if Revere or its affiliated companies had made any loans or advances to Mr. Hager against future commissions he might earn,

no commissions shall thereafter be payable to him except to the extent that the aggregate commissions payable shall exceed such advances.

The aforementioned paragraph 4(c) of the parties' agreement related to a death benefit for Mr. Hager prior to his retirement and provided also *inter alia* that, if while it was in effect and before Mr. Hager retired pursuant to Revere's retirement plan, he became totally disabled, the renewal commissions relating to individual health insurance and ordinary life insurance and annuity policies

will continue to be paid during the continuance of such total disability irrespective of whether * * * [such] agreement is terminated in accordance with its terms. * * *

It was agreed that Revere would determine what constituted Mr. Hager's "total disability" within the meaning of that provision of the contract of the parties.

Revere made no determination that, while the agreement of the parties was in effect and before any retirement by Mr. Hager, he had become totally disabled. Thus, in accordance with the plain provisions of the parties' contract, Mr. Hager enjoyed no right to further commissions on renewal premiums after 30 days had expired from March 10, 1976.

Mr. Hager contended, however, that the agreement of the parties which was operative on the immediate aforementioned date was not entered into fairly; that Revere failed in its obligation to deal fairly and in good faith with him, *Hammond v. Herbert Hood Co.*, (1949), 31 Tenn.App. 683, 701[12], 221 S.W.2d 98; and that the Court should intercede with equitable relief to estop Revere from relying on the provisions of its agreement with him and from being unjustly enriched by retention of commissions on renewal premiums which were designed to be paid to its agents. This argument focuses upon Revere's offering to qualifying agents of a "career commission plan".

An official of Revere advised Mr. Hager on March 27, 1972 that the company had determined " * * * to provide greater recognition and compensation to [its] veteran [s]ales [c]onsultants [*i. e.,* insurance agents] who produce the major portion of the business which is most profitable to * * * " Revere. That official declared Mr. Hager was qualified for the benefits of this plan " * * * which will pay you extra commissions *as described in the attached [a]mendment* to your [a]gent [a]greement. * * * " (Emphases supplied.)

The attached amendment, which Mr. Hager executed, provided *inter alia* for the payment by Revere of higher commissions on premiums received by Revere for policy years subsequent to the first year thereof on individual health policies issued and placed on applications written personally by Mr. Hager. Revere retained the right to terminate such amendment immediately without terminating Mr. Hager's basic agreement and keep control over the conditions and standards which Mr. Hager must have maintained in order to continue to be qualified for the extra compensation for which the amendment provided. Mr. Hager did not meet these standards, and this deficiency precipitated the termination of all relations between the parties hereto.

■ The Court FINDS no overreaching on the part of the defendant's personnel from these facts which would justify the interposition of equitable relief favoring the plaintiff. It is only

whenever advantage is taken of a party under circumstances which mislead, confuse, or disturb the just result of his judgment, and thus expose him to be the

victim of the artful, the importunate, and the cunning, where proper time is not allowed to the party and he acts improvidently, or if he is importunately pressed, if those in whom he places confidence make use of strong persuasions, if he is not fully aware of the consequences, but is suddenly drawn in to act, if he is not permitted to consult disinterested friends or counsel before he is called on to act in circumstances of sudden emergency or unexpected right or acquisition—

27 Am.Jur.(2d) 549–550, Equity, § 24, that Equity interposes to prevent an unconscionable advantage's being taken of a contracting party. Mr. Hager, as a person experienced in the world of sales and other business matters, hardly comports with any part of such a description.

■ The Court gave consideration to the possibility of unjust enrichment of the defendant in the establishment of its premium rates for insurance protection so as to include the cost of the sales and servicing of its policies. Mr. Hager failed to carry his burden of proving any unjust enrichment of the defendant resulting from the termination of the foregoing agreement of the parties. That contract, calling for payment of commissions only as the premiums were paid to Revere, Mr. Hager was required to prove, not only that premiums were due, but that they were actually paid to Revere. *Manning v. Mut. Life Ins. Co.* (1880), 100 U.S. 693, 25 L.Ed. 761, 762 (headnote 1). In this instance, Mr. Hager was required to proceed farther and prove the unjust enrichment of Revere from the structuring, from the standpoint of the cost of sales and renewals, of the premiums it collected.

The contract of these parties, having been terminated rightfully and for reasonable cause, Mr. Hager is not entitled to commissions on renewal premiums paid to Revere after a period of 30 days had elapsed from March 10, 1976. *Partridge v. Phoenix Ins. Co.* (1873), 15 U.S. (Wall) 573, 21 L.Ed. 229, 230; *Stagg v. Mutual Insurance Co.* (1871), 10 U.S. (Wall) 589, 19 L.Ed. 1038, 1039–1040. Except as indicated hereinabove, the plaintiff Mr. C. Leon Hager hereby is DENIED all relief from the defendant The Paul Revere Life Insurance Company. Rule 58(1), Federal Rules of Civil Procedure.

Judgment will enter that, by stipulation of the parties, the plaintiff will recover of the defendant the sum of $490.16 and be paid the further sum of $81.55 each month for the duration of his lifetime when he attains the age of 65 years.

ON MOTION FOR NEW TRIAL

The plaintiff served and filed a timely motion for a new trial or rehearing hereof, or alternatively, for the alteration, amendment, or reopening of this Court's judgment herein of September 8, 1977. Rules 59(a), (e), 60(b)(1), Federal Rules of Civil Procedure. The defendant failed to make a timely response to such motion and is deemed to have waived any opposition thereto. Local Rules 12(b), 11(f).

The plaintiff's request for an oral hearing on such motion hereby is DENIED, the motion not being determinative of the case on the merits. Local Rule 12(c). The first 4 grounds urged in support of such motion merit no comment by the Court. The latter 3 grounds will be considered jointly.

■ On August 1, 1977 the Court informally inquired separately of counsel for the plaintiff and the law partner of counsel for the defendant if there might be some way in which the parties could present additional evidence concerning the value of any future renewal commissions to which Mr. Hager might have been entitled had his employment with the defendant not been terminated. The Court's thought in this regard was that, *if* the Court should find in the plaintiff's favor on his claim of the defendant's unjust enrichment, then there would be a need for such additional evidence in order that an appropriate equitable remedy might be fashioned. The additional evidence referred to by the Court, however, dealt only with the amount of any such equitable damages (restitution) and not with the issue of the defendant's liability under the plaintiff's unjust enrichment claim.

The Court found, however, that there had been " * * * no overreaching on the part of the defendant's personnel * * * which would justify the interposition of equitable relief favoring the plaintiff. * * * " Memorandum opinion herein of September 8, 1977. That is to say, the Court found no liability in behalf of the defendant on this equitable claim, and the matter as to any such additional evidence pertaining to damages became moot. The same finding in favor of the defendant as to this claim would have been made even with the indicated additional evidence before the Court.

" * * * The burden of proving the essential elements of unjust enrichment were [sic: was] upon the plaintiff. * * * " *Edgar Odle*, appellant, v. *Dowdy-Lacher, Inc.*, appellee, Supreme Court of Tennessee at Nashville, opinion of August 15, 1977 (not designated for publication). " * * * The elements necessary to make out a cause of action under the theory of unjust enrichment are * * * '[a] benefit conferred upon the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance of such benefit under such circumstances that it would be inequitable for [it] to retain the benefit without payment of the value thereof. * * * The most significant requirement for a recovery * * * is that the enrichment to the defendant be unjust.' * * * " *Idem.*, quoting from *Paschall's, Inc. v. Dozier* (1966), 219 Tenn. 45, 407 S.W.2d 150, 155[13], [14, 15]. The plaintiff failed to prove these essential elements, and there was no duty devolving on either the Court or the defendant to prove the same for him. The equities between the plaintiff and the defendant, being thus equally balanced, recovery under the plaintiff's claim of unjust enrichment was not appropriate. *Idem.*

 " * * * A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons. * * * " 11 Wright & Miller, Federal Practice and Procedure: Civil 37, § 2804, citing, *inter alia, Solar Labs. v.*

*Cincinnati Advertising Products Co.*, D.C. Ohio (1940), 34 F.Supp. 783, appeal dismissed C.A. 6th (1940), 116 F.2d 497. The burden was on the plaintiff to show some error at trial sufficient to warrant the relief now sought. See *Call Carl, Inc. v. BP Oil Corp.*, D.C.Md. (1975), 403 F.Supp. 568, 577[11].

The plaintiff, having failed to demonstrate substantial reasons for a new trial or a rehearing, or for the alteration, amendment or reopening of the aforementioned judgment entered herein, such motion hereby is DENIED in its entirety.