Julia ADAMS

v.

Trooper W.J. THOMPSON, Jr., et al.

Ira Paul THIBODEAUX

v.

Trooper W.J. THOMPSON, Jr., et al.

Civ. A. Nos. 80–229–A, 80–257–A.

United States District Court,
M.D. Louisiana.

April 14, 1983.

See also, D.C., 557 F.Supp. 405.

Robert L. Kleinpeter, Baton Rouge, La., for plaintiffs.

Ronald A. Seale, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

These consolidated matters are before the court on the motion of the defendant to amend the answer so as to plead the affirmative defense of good faith qualified immu-nity in each of these cases and to grant a new trial. The motions have been opposed. The court finds that no oral argument is required.

These actions are claims for damages brought against a police officer under 42 U.S.C. § 1983 and they also allege pendant claims under state law. The court conclud-ed that each plaintiff had been falsely ar-rested and in the course of that conclusion necessarily construed the provisions of a Louisiana statute, LSA–R.S. 40:1390. De-fendant first argues that the court's inter-pretation of that statute is erroneous and that the findings of fact and conclusions of law should be amended.

The court carefully considered the con-struction of the Louisiana statute at great length and concluded that it did not autho-rize the arrest of either plaintiff. Counsel has not cited any authority in support of the construction advanced in the motion and simple disagreement with the court's construction of the statute does not present sufficient grounds for the granting of the motion.

In its conclusions of law, the court com-mented in a footnote that, since the affirm-ative defense of qualified good faith immu-nity had not been pleaded, it would be error to consider that issue. Defendant now moves to be allowed to amend his answer so as to plead that affirmative defense in each case. Defendant further urges that evi-dence was actually received on this issue and that under Rule 15, Fed.R.Civ.P., the issue ought to be treated as if it had been raised in pleadings. Defendant points to his own testimony at the trial that he had no personal grudge against the plaintiffs and was not personally acquainted with ei-ther of them prior to the incident in ques-tion.

 This testimony is not sufficient to raise the issue of qualified immunity from damages in suits under § 1983. The Su-preme Court has made it quite clear that this defense no longer has any subjective features. That defense presents a strictly objective test that "government officials performing discretionary functions general-

ly are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* —— U.S. ——, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Qualified immunity now depends on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, not upon malice or other subjective factors. *Harlow v. Fitzgerald, supra,* 102 S.Ct. at 2739.

Thus, if defendant were permitted to amend his answer so as to raise these new issues and this new theory of defense, it would be necessary to re-open the case for the taking of additional evidence. It is well established that Rule 59 motions for new trial are not ordinarily granted where they are used by a losing party to request the trial judge to re-open proceedings in order to consider a new defensive theory which could have been raised during the original proceedings. *Grumman & Aircraft Engineering Corp. v. Re-negotiation Board,* 482 F.2d 710 (D.C.Cir.1973) reversed on other grounds 421 U.S. 168, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975); *Echevarria v. U.S. Steel Corp.,* 392 F.2d 885 (7th Cir.1968); *Zweig v. Bethelehem Supply Co.,* 186 F.2d 20 (5th Cir.1951). Since it is clear that qualified or "good faith" immunity is an affirmative defense, *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), and that defendant could have raised this defensive theory during the original proceedings, it is not appropriate that the motion to amend or the motion for new trial be granted.

For the foregoing reasons, all post-trial motions filed on behalf of defendant are hereby DENIED.