**In re James M. WATSON, Dorothy B. Watson, Debtors.**

**Bankruptcy No. 2-88-02356.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Jan. 30, 1989.

Charles W. Ewing, Charles W. Ewing Co., L.P.A., Columbus, Ohio, for debtors and debtors in possession.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Agristor Leasing–II.

Frank M. Pees, Worthington, Ohio, Chapter 12 Trustee.

Michelle T. Sutter, Baker & Hostetler, Columbus, Ohio, for Chapter 12 Trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Office of the U.S. Trustee, Columbus, Ohio.

## ORDER DENYING MOTION FOR RECONSIDERATION

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Reconsideration ("Motion") filed jointly by the debtors in this Chapter 12 case ("Debtors") and their counsel, Charles W. Ewing Co., L.P.A. ("Ewing"). The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this judicial district. This is a core proceeding in which the Court may enter a final order. 28 U.S.C. § 157(b)(1) and (2)(A).

Debtors and Ewing (collectively "Movants") seek reconsideration of this Court's previous order of December 12, 1988 ("Order"), 94 BR 111. The Order granted, in part, the relief requested by Agristor Leasing–II ("Agristor") in its "Motion to (1) Disqualify Debtors' Attorneys; (2) Order Non–Compensability of Debtors' Attorneys; (3) Order Court Examination of Debtors' Transactions With Attorneys and To Determine Excessive Payment; and (4) To Have Lien Set Aside". Specifically, the Order disqualified Ewing from serving as unofficial or official counsel to the Debtors. The Order further denied Ewing's request for *nunc pro tunc* appointment. The Court reserved a ruling upon branches three and four of Agristor's motion until such time as further relief was requested by the parties. By way of the instant Motion Movants request this Court to overturn the rulings set forth in the Order. Agristor has filed a memorandum *contra* to the Motion which generally opposes the relief sought therein.

■ A motion for reconsideration is construed as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *See, Gainey v. Brotherhood of Railway & Steamship Clerks, Freighthandlers, Express and Station Employees,* 303 F.2d 716, 718 (3d Cir.1962); *Bestran Corp. v. Eagle Comtronics, Inc.,* 720 F.2d 1019 (9th Cir.1983); *National City Bank of Cleveland v. 6 & 40 Inv. Group, Inc. (In re 6 & 40 Inv. Group,*

*Inc.),* 752 F.2d 515 (10th Cir.1985); *Hansen v. Finn (In re Curry and Sorensen, Inc.),* 57 B.R. 824, 827 (9th Cir. BAP 1986); *In re Crozier Bros., Inc.,* 60 B.R. 683, 687 (Bankr.S.D.N.Y.1986). A Rule 59(e) motion is not intended to provide the parties an opportunity to relitigate previously-decided matters or to present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law or for the presentation of newly discovered evidence. *Zweig v. Bethlehem Supply Co.,* 186 F.2d 20 (5th Cir.1951); *Brown v. Wright,* 588 F.2d 708, 710 (9th Cir.1978); *Canister Co. v. National Can Corp.,* 71 F.Supp. 49 (D.Del.1946), *appeal dismissed,* 163 F.2d 683 (3d Cir. 1947); *Evans, Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill.1976); *Crozier Bros., Inc.,* 60 B.R. at 688. *See also,* 6A J. Moore, *Moore's Federal Practice* ¶ 59.07 at 59–71 to 59–72 (2d ed. 1987). The burden is on the party seeking reconsideration to demonstrate the existence of manifest errors of fact or law. *Hager v. Paul Revere Life Ins. Co.,* 489 F.Supp. 317, 321 (E.D. Tenn.1977), *aff'd. without opinion,* 615 F.2d 1360 (6th Cir.1980); *Solar Laboratories v. Cincinnati Advertising Products Co.,* 34 F.Supp. 783 (S.D.Ohio), *appeal dismissed,* 116 F.2d 497 (6th Cir.1940) (motion for reconsideration not to be granted unless the court manifestly misapprehended the law or the facts); *Crozier Bros., Inc.,* 60 B.R. at 688.

■ Applying the foregoing principles here leads to the inescapable conclusion that the Motion is devoid of merit. While it is difficult, at times, to follow the confusing and convoluted prose contained in the Motion, Movants' failure to demonstrate the existence of either manifest error of law or fact is readily apparent. Far from establishing a manifest misapprehension of fact (*e.g.,* through textual references to the transcript or otherwise), Movants' feeble protestations amount to no more than their vague, one-sided recollections regarding the evidence adduced at hearing. The force of these recollections rapidly withers when they are juxtaposed against the actual testimonial record memorialized in the transcript. The Court carefully combed

the transcript and considered the documentary evidence before it prior to making the factual findings delineated in the Order. The fact that Movants draw differing conclusions from the record than those outlined in the Court's factual findings is of no moment: Debtors simply have not shown a manifest misapprehension of fact by the Court.

Movants' attempt to demonstrate the existence of clear errors of law in the Court's Order also falls far short of the mark. Movants do not challenge the Court's legal analysis by distinguishing the case law cited and synthesized in the Order, or by presenting contrary authority. Instead, Movants offer their rambling, wholly unsupported dissertation on why, notwithstanding the principles contained in 11 U.S.C. § 327 and applied in a host of reported decisions, Ewing should not be found to be interested and, thus, disqualified as counsel for the Debtors. In short, Movants have failed to demonstrate a manifest error of law which would warrant reconsideration of the Court's ruling.

The Court is constrained to make several additional observations regarding the Motion. Movants make much of the fact that the Court's ruling will result in the need for Debtors to obtain new counsel at a critical juncture of this proceeding. This is indeed unfortunate. Yet, it was Ewing's failure to abide by well-settled legal rules (see 11 U.S.C. § 327, Bankruptcy Rule 2014, and the cases discussed in the Order) and long-standing ethical principles (see, Canon 5 of the Code of Professional Responsibility) which has created Debtors' current predicament. A modest investment in time by Ewing to familiarize himself with these governing principles and take such necessary action so as to comply therewith, would have averted Debtors' present plight. The Court will not, at Movants' behest, supplant these established legal rules in favor of Ewing's amorphous notions regarding how the system should operate.

Finally, the Court also must comment upon the general tenor and tone of the Motion, which is, at best, impertinent.

Movants twice suggest that the Court was "lured into a trap" by Agristor in reaching the decision it did. Motion at 4, 5. Furthermore, according to Movants, the Court's Order has diminished the integrity of the legal system and has "contribute[d] to the overall distrust of ... its practitioners both judicial and advocates...." Motion at 13. Suffice it to say that such gratuitous comments are unfortunate, are not at all germane to the issue before the Court—whether the Order contains manifest errors of fact or law—and do not advance the efficient administration of justice.

Based upon the foregoing, the Motion for Reconsideration is hereby DENIED.

IT IS SO ORDERED.