In re Donald Lee LARSON, Jr., Donna Lee Larson, Debtors.

**OHIO SAVINGS BANK, Plaintiff,**

v.

**Donald Lee LARSON, Jr., Donna Lee Larson, Defendants.**

**Bankruptcy No. 2–88–03616.
Adv. No. 2–88–0282.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Sept. 12, 1989.

Timothy A. Riedel, Arter & Hadden, Columbus, Ohio, for plaintiff.

James Edward Morris, Columbus, Ohio, for defendants.

Larry E. Staats, Columbus, Ohio, Chapter 7 trustee.

Charles M. Caldwell, Office of the U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the motion filed by plaintiff, Ohio Savings Bank ("Movant"), to alter or amend the Court's Opinion and Order of July 18, 1989. 103 B.R. 160. The defendants, Donald and Donna Larson ("Debtors"), filed on August 18, 1989, a memorandum in opposition to the motion. The motion is now ripe for consideration by this Court.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This contested matter is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

■ A motion under Rule 59(e) is not intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories. Rather, such motions are intended to allow for the correction of manifest errors of fact or law, or for the presentation of newly-discovered evidence. *Zweig v. Bethlehem Supply Co.*, 186 F.2d 20 (5th. Cir.1951); *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir.1978); *Canister Co. v. National Can Corp.*, 71 F.Supp. 49 (D.Del.1946), *appeal dismissed*, 163 F.2d 683 (3d Cir.1947); *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill.1976); *Crozier Bros., Inc.*, 60 B.R. 683 at 688 (1986). *See also*, 6A J. Moore, *Moore's Federal Practice* ¶ 59.07 at 59–71 to 59–72 (2d ed.1987). The burden is on the movant to demonstrate the existence of such manifest errors of fact or law.

*Hager v. Paul Revere Life Ins. Co.*, 489 F.Supp. 317, 321 (E.D.Tenn.1977), *aff'd. without opinion*, 615 F.2d 1360 (6th Cir. 1980); *Solar Laboratories v. Cincinnati Advertising Products Co.*, 34 F.Supp. 783 (S.D.Ohio), *appeal dismissed*, 116 F.2d 497 (6th Cir.1940) (motion for reconsideration not to be granted unless the court manifestly misapprehended the law or the facts); *Crozier Bros., Inc.*, 60 B.R. at 688.

In the instant case, Movant contends that the Court permitted hearsay testimony regarding Society Bank's review of the Debtors' account and receipt of appropriate approvals to disburse cash. Motion at 1. The Court has not ordered a transcription of the trial, nor has Movant provided a copy of the transcript or designation of the specific question and objection thereto. Accordingly, the Court must rely on its own handwritten notes taken at trial.

■ To the extent that Movant objects to the Debtors' testimony—specifically Mrs. Larson's testimony, I believe—that a Society Bank teller obtained telephonic or computer authorization to disburse funds to Debtors, and assuming appropriate objections were lodged by Movant's counsel, this argument is without merit. While the Court does not have the specific question or objection before it, the Court believes that the question solicited admissible evidence pursuant to Rule 803(1), Federal Rules of Evidence. Even if such testimony were hearsay, however, it was inconsequential to the Court's decision. The Court found that Movant failed woefully to establish the essential elements of its case under 11 U.S.C. § 523(a)(2)(A). The evidence, irrespective of testimony regarding approval of a cash disbursement, failed to demonstrate that the Debtors made a representation that was false or with gross disregard for its truth, that Debtors intended to deceive Movant, or that Movant relied on any false or grossly negligent misrepresentation. The Movant, quite simply, missed the mark by miles, not inches or feet, in meeting its burden under 11 U.S.C. § 523(a)(2)(A).

Movant also argues that the Court has erroneously interpreted the law, and misapplied facts, under 11 U.S.C. § 523(a)(6).

Movant's assertions to this effect could not be more spurious. The law in this Circuit is unequivocal. *See Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986); *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987). Likewise, the record is devoid of any proof—under a preponderance of the evidence or clear and convincing standard—that Movant is entitled to judgment under 11 U.S.C. § 523(a)(6). Movant may not now try to introduce new evidence, specifically regarding whether Debtors would have been refused credit. Plaintiff's decision to support its case on the testimony of the Debtors and certain documentary evidence, and not to adduce testimony of a representative of its own, was at Movant's peril. Movant cannot try to fix that deficiency in its counsel's motion.

Movant also suggests that it did not waive the credit limit. Clearly, in this Court's opinion, Movant did waive the credit limit, but again the Court's finding on this issue was not essential to the ultimate determination. Movant plainly did not present a case to this Court which would support the relief requested. Its case was, in fact, exceedingly weak. The record speaks for itself.

Accordingly, the motion is not well-taken and shall be, and hereby is, DENIED.

IT IS SO ORDERED.