DOWNEY, Judge.
When appellant failed to appear at trial and prosecute his case, the trial court dismissed the case with prejudice and subsequently denied appellant’s Rule 1.540, RCP, motion for relief from said judgment. Error is assigned to both of those judicial actions.
Appellant sued appellee to recover monies owed for goods sold and delivered. The matter had been continued once at the request of appellee and once upon joint stipulation of the parties. Finally, trial of the case was set for the trial period commencing May 29, 1973, and appellant was so notified. Appellant and his counsel had discussed the case almost daily until about May 19, 1973. However, on May 24th appellant’s counsel filed a motion to withdraw on the grounds that appellant owed him fees and suit money in other matters and had failed to furnish the costs in this case, though requested to do so.
*280 Though he had notice thereof, appellant did not attend the hearing on counsel’s motion to withdraw. The court granted the motion on May 30th but expressly held that the cause set for trial the next day would not be continued. The next day, May 31st, the case was called for trial. The appellee-defendant was present and ready to proceed but neither appellant nor anyone representing him was present. Accordingly, the court dismissed the case with prejudice. Appellant’s motion filed pursuant to Rule 1.S40, RCP, seeking relief from said judgment was denied.
it appears that appellant had received a copy of the court’s order of May 7th setting the cause for the trial period beginning May 29th. He also received notice that his counsel would apply for permission to withdraw. With these developments in the offing, appellant flew off to Las Vegas on May 30th and returned on June 6th to find his case had been dismissed. At the hearing on the motion for relief from the judgment of dismissal, the trial court heard the testimony of appellant, his erstwhile counsel, and others, for ought the record shows. The court found that appellant had notice of the trial period as early as May 7th; that he had adequate notice of his counsel’s intention to withdraw; that he had discussed the case thoroughly with his counsel until about ten days before trial; that he had failed to cooperate with his counsel; that he had absented himself from the jurisdiction during the critical time when the case was set for trial; and that appellant was well versed in litigation, having had many law suits pending in the two years immediately preceding the time in question. Based upon the record in the case and the testimony-adduced before him, the trial court concluded that there was no inadvertence or excusable neglect on appellant’s part justifying relief under Rule 1.540, RCP.
We feel an affirmance is indicated here because no inadvertence or excusable neglect was shown. The disposition rate of the cases before the courts in this State is steadily falling further behind so that failure to prosecute on the one hand and delaying tactics on the other should find less tolerance in the courts. When appellant’s case was called for trial and no one appeared, it was clearly subject to dismissal. Dismissal with prejudice was justified because the defendant-appellee was there prepared and ready for trial.
An additional reason for affirming the action of the trial court in denying the Rule 1.540 motion is that the trial court’s decision was based in part at least upon testimony adduced in support of said motion. No transcript of that testimony has been furnished this court for review.
Accordingly, judgment and order appeal from are affirmed.
OWEN, C. J., and CROSS, J., concur.