328 So.2d 495 (1976)
William J. MOSS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a Foreign Corporation, et al., Appellees.
No. 74-1518.
District Court of Appeal of Florida, Fourth District.
March 12, 1976.
Rehearing or Clarification Denied April 6, 1976.
Edna L. Caruso and Ronnie H. Walker, Howell, Kirby, Montgomery, D'Aiuto & Dean, Orlando, for appellant.
Richard F. Conrad and James O. Driscoll, Driscoll, Conrad, Langston, & Layton, P.A., Orlando, for appellees.
*496 DOWNEY, Judge.
Appellant's personal injury action was set for trial September 9, 1974. On August 27, 1974, appellant's counsel filed a motion to withdraw, and he sent appellant a copy of said motion, together with a notice of hearing, by certified mail, return receipt requested. The return receipt bears the following signature: "Willie Moss Modena Pope" and shows the date of delivery as "8-30-74".
On August 28, 1974, appellant's counsel sent appellant a notice by certified mail, return receipt requested, advising him that "the court continues with your case and it is presently set for trial 9-9-74. Please contact me immediately." This return receipt also bears the signature: "Willie Moss Modena Pope", but it shows no date of delivery.
Appellant did not attend the hearing on the motion to withdraw. The court signed an order granting the motion on September 5, 1974, and the order was filed September 6, 1974. No copy of the order was sent to appellant. On September 9, 1974, the case was called for trial and when neither appellant nor anyone on his behalf appeared, the trial court dismissed the case with prejudice.
On September 17, 1974, appellant, through new counsel, filed a motion under Rules 1.530 and 1.540, RCP, to set aside the order of dismissal, alleging "that he did not have notice that he was to appear in his own behalf to prosecute his action and, in fact, had full confidence that his cause of action was being prosecuted by the attorney who represented him in filing his claim." Attached to the motion was an affidavit in which appellant states that he received the correspondence from his lawyer notifying him of the trial date and of counsel's withdrawal at 1:00 p.m., on September 9, 1974, the day the case was called for trial. This appeal followed a denial of said motions.
Of course the trial judge exercises discretion in ruling on 1.540(b) RCP motions, but his exercise of discretion must rest upon facts ascertainable from the record. Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App. 1972, 261 So.2d 540. The record here shows without contradiction that appellant thought he had a lawyer handling his case and that he had no notice of the hearing on motion of counsel to withdraw or that he should be at the trial at a certain time.
We do not believe Scott v. Seabreeze Pools, Inc., Fla.App. 1974, 300 So.2d 279, is authority for the action of the trial court in this case. There Mr. Scott knew the trial date; he had discussed the case fully with counsel in anticipation of the trial; he was very familiar with litigation and he knew his counsel was withdrawing shortly before trial. We affirmed the trial court's order of dismissal with prejudice in that case because there was an adequate record to support the trial court's exercise of discretion. The record in the present case is inadequate.
Accordingly, we reverse the order denying appellant's motion to vacate the final order of dismissal with prejudice, with directions to reinstate the case for further proceedings.
REVERSED with directions.
MAGER, J., concurs.
OWEN, J., dissents.