WEINBERG, RICHARD G., Associate Judge,
dissenting:
I respectfully dissent from the holding of the majority. The facts of this case are unusual and warrant comment. The real estate mortgage foreclosure, in response to original action by appellant for recission of the note and securing mortgage, was vigorously defended. Substantial issues of fact were raised in the pleadings and trial on the merits was required. The day prior to the scheduled trial, appellant’s counsel allegedly received a phone call from a female person stating that she was the trial judge’s secretary. The substance of the phone call was that the judge was ill and the case could not be tried the following day. A few minutes later a second call purportedly from the secretary of opposing counsel to appellant’s counsel allegedly confirmed that the trial was postponed. Appellant’s counsel phoned the principal witness for appellant in New York advising him that the trial was postponed and he would not be required to appear the following day for trial. Neither appellant’s principal Corporate Officer, or its counsel appeared for trial. Upon ex parte hearing, the trial court dismissed appellant’s complaint with prejudice and granted judgment of foreclosure on the counterclaim. Suffice it to say the phone calls were a hoax. Upon learning of the “hoax”, appellant’s counsel took immediate, remedial action to vacate the holdings and reset the trial. This took place the day following the scheduled “trial” date. Thereafter, lengthy, evidentiary hearings took place by the trial judge concerning the “hoax”. Various conflicts arose concerning the alleged phone calls, times of the calls, and the parties involved. The record is devoid of evidence that appellant’s Corporate Officer made or caused the phone calls to occur. Substantial judicial labor occurred in connection with a phone call to the Judge’s office by appellant’s Corporate Officer on the afternoon of the scheduled trial date inquiring about the Judge’s health and when the trial date would actually be scheduled. It was this inquiry that triggered the trial judge’s action in denying relief by concluding the “hoax” was the chicanery of appellant. It must also be noted that the trial judge fully “exonerated” appellant’s counsel from any participation in the “hoax”. At issue on this appeal is the application of Rule 1.540 Florida Rules of Civil Procedure, which provides litigants a vehicle for relief from judgments occasioned by mistake, neglect and fraud. (Rule 1.540(b), id.). By exonerating trial counsel from any participation in the fraud (hoax), in order to deny relief there must be evidence of appellant’s participation. None was shown. Evidence by appellee’s representative that appellant would do everything possible to delay the proceedings is not sufficient evidence to support the trial court’s findings. A trial on the merits would permit the court ample opportunity to consider the relative substance of each party’s claims. An evidentiary hearing on the right of recission and foreclosure more properly serves all litigants. Ironically, the amount of judicial labor expended on the effort of the parties to avoid or sustain the effects of the fraud would likely have equaled the time necessary for a hearing on the merits. Florida judicial practice favors trial on the merits and opposes summary rulings.
In order to sustain the trial court’s dismissal of appellant’s complaint and avoid timely action to set aside the finality of the judgment, exercise of judicial discretion must rest upon facts ascertainable from the record. Moss v. State Farm Mutual Automobile Ins. Co., 328 So.2d 495 (Fla. 4th DCA 1976). There are no facts ascertainable in this record by which it can be concluded with reasonable certainty that appellant’s officer perpetuated the fraud. Appellant’s argument succinctly states, “... of all the possible methods available to delay a trial, the worst possible one would be for a party to call its own lawyer and delude him into believing that the trial was canceled.” I agree with this conclusion and would reverse and remand for trial on the merits.
*67 It follows that the attorney’s fee award should be reversed for consideration after trial. I would deny attorney’s fees to ap-pellee on this appeal.