57 B.R. 166 (1986)
In the Matter of UITERWYK CORPORATION, et al., Debtors.
Bankruptcy No. 83-166.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
January 17, 1986.
Edward A. Hill, Langford, Mooney & McDuffee, P.A., Tampa, Fla., for creditor Charles Molho, etc.
Cindy L. Turner, Stichter and Riedel, P.A., Tampa, Fla., for debtors.

ORDER DENYING AMENDED MOTION FOR RECONSIDERATION
A. JAY CRISTOL, Bankruptcy Judge.
This matter has come before the court upon amended motion for reconsideration, through counsel, by claimant, Charles H. Molho, d/b/a Manhattan Ship Supply.
Counsel states that his failure to attend hearing relating to debtor's objection to the claim filed by his client to be heard on August 2, 1985 at 10:00 a.m., was due to his own inadvertence and neglect because he became involved in reviewing another client's case. Carelessness is not synonymous with excusable neglect. Kohlbeck v. Handley, 3 Ariz.App. 469, 415 P.2d 483; Boyd v. Marsh, 47 N.C.App. 491, 267 S.E.2d 394; Motiograph, Inc. v. Matthews, 555 S.W.2d 196, (Tex.Civ.App.1977). Forgetfulness and the press of other more important business is insufficient to establish excusable neglect. Dudley v. Stiles, 142 Mont. 566, 386 P.2d 342; Scott v. Seabreeze Pools, Inc., 300 So.2d 279, (Fla. 4th D.C.A.1974). Therefore, it is
ORDERED that claimant's motion for rehearing is denied.