SHARP, Chief Judge,
dissenting with opinion.
This case arose out of a dispute over rents due under a lease option on real property leased to the Ostrowskis by Robert and Debra Mansfield. The Ostrowskis appealed from the trial court’s denial of their motion for relief from a final summary judgment pursuant to Florida Rule of Civil Procedure 1.540(b).[1] In this case, the trial judge did not appear to proceed beyond the face of the moving party’s motion and affidavit. No testimony was taken at the hearing; each attorney merely argued his legal position to the judge. That, in my view, was reversible error, because the movant demonstrated by reference to court documents alone, that the basis for the judgment was obtained solely by a fraudulent affidavit.
The record in this case discloses the following. One month after the Ostrowskis took possession of the property (the River’s Edge Inn on Lake Panasoffkee, which included a restaurant, R.V. park and rental units), they learned that it was being foreclosed on by the first mortgagee because the Mansfields failed to make timely mortgage payments. This was a breach of the lease. The Ostrowskis petitioned and received permission in the foreclosure proceeding to make the monthly mortgage payments into the court registry. While making such payments, they paid the balance of the rent due directly to the Mans-fields during April, May, June and July of 1985. In July, they surrendered the property. Robert Mansfield died in November of 1985.
In March of 1986, Debra Mansfield sued the Ostrowskis for rents due under the lease. The Ostrowskis’ attorney failed to plead any affirmative defense. On August 21, 1986, Debra moved for summary judgment and filed an affidavit claiming she received no rent from the Ostrowskis during April, May, June and July of 1985. The Ostrowski’s attorney failed to file any counter-affidavits. Based on Debra’s affidavit, summary judgment was entered against the Ostrowskis on September 5, 1986.
When the Ostrowskis personally examined the court’s file on June 3, 1987, they first discovered Debra had filed a false *1218 affidavit and that this affidavit had been the basis for the summary judgment against them.[2] They hired new counsel, and on June 5, 1987, he moved for relief on their behalf, pursuant to Florida Rule of Civil Procedure 1.540(b).[3]
The court’s own records clearly establish both the alleged false statement by Debra, and the facts supporting its falsity. The rent monies were paid directly to the mortgagee on the Mansfields’ behalf pursuant to the court’s permission, and the Ostrow-skis preferred cancelled checks paid to the Mansfields for the balance of rents due.
In opposition to the motion, Debra contended she had no knowledge about the funds received from the cancelled checks. However, her contention of ignorance on this point is patently frivolous because (a) she was a party to the contract; (b) the checks reveal that she herself received monies (and other benefits) during this period of time; and (c) the sworn deposition of the Ostrowskis pertaining to this matter occurred after the foreclosure action was filed and prior to the death of Robert Mansfield.
To justify a reversal of an order denying a motion to set aside a final judgment for fraud, the appellant must demonstrate a gross abuse of the trial court’s discretion. Consolidated Aluminum Corp. v. Weinroth, 422 So.2d 330 (Fla. 5th DCA 1982), review denied, 430 So.2d 450 (Fla.1983). However, the exercise of such discretion must rest upon facts ascertainable from the record. Moss v. State Farm Automobile Ins. Co., 328 So.2d 495, 496 (Fla. 4th DCA 1976); Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., 261 So.2d 540 (Fla. 3d DCA 1972).
Debra’s allegation that the Ostrowskis made statements inconsistent with their sworn testimony is not apparent from the record. Further, Debra’s contention that she did not commit either intrinsic or extrinsic fraud is prima facie refuted by the record. At the very least, Debra misrepresented the facts. It is incomprehensible that one can both receive and endorse or cash checks for a relevant time period, and swear that one has not received any checks or monies, without being guilty of fraud. What the record lacks is any evidence supporting Debra’s allegations. As such, the motion should have been granted in accordance with Moss and Imperial Industries. At least the trial court should have taken testimony on these issues.

. That rule provides a trial court may set aside a final judgment because of (among other reasons) "fraud ... misrepresentation or other misconduct of an adverse party.”

. Although the Ostrowskis may have a malpractice claim against their first attorney, I do not think what he should have done or known to prevent entry of the judgment should be held against his innocent clients. At the time of entry of the final judgment, they were unaware of the false affidavit and they thought they were being adequately represented. See Moss v. State Farm Mutual Automobile Ins. Co., 328 So.2d 495 (Fla. 4th DCA 1976).

. Florida Rule of Civil Procedure 1.540(b) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, or order or proceeding for the following reason: ... (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ...