In re **BRAZIER FOREST PRODUCTS, INC., Brazier Forest Products of Oregon, Inc., Brazier Forest Industries, Inc., Debtors.**

**BRAZIER FOREST INDUSTRIES, INC., et al., Plaintiffs,**

v.

**NORTHERN TRANSPORT, INC., et al., Defendants.**

**Bankruptcy Nos. 84–02668, A84–0450.**

United States Bankruptcy Court, W.D. Washington, at Seattle.

July 19, 1988.

Sheena Aebig, Shulkin, Hutton & Bucknell, Seattle, Wash., for debtors.

Lynn C. Tuttle, Hatch & Leslie, Seattle, Wash., for Rainier.

J. Richard Manning, Seattle, Wash., A. Gregory McKenzie, Canning, Tait & McKenzie, Oregon City, Or., for Graves.

## OPINION AND ORDER ON MOTION FOR RECONSIDERATION

SAMUEL J. STEINER, Chief Judge.

### FACTS

The debtors (Brazier) commenced this adversary proceeding in 1984, seeking an order authorizing them to sell an inventory of logs free and clear of liens with the liens attaching to the proceeds of sale. The Rainier National Bank (Rainier), a creditor holding a security interest in the logs; Graves Logging Company (Graves) and Earl Buche Trucking Co., creditors claiming a lien on a portion of the inventory, were three of the numerous named defendants. The relief sought by the debtors was granted and Brazier sold the logs.

In late 1987, Graves[1] filed a motion for summary judgment, claiming it had a valid lien against a portion of the proceeds of sale in the full amount of its lien claim.[2] In response, Brazier and Rainier filed a cross motion.

Graves originally presented three arguments. First, Graves argued that the debtors were estopped from denying payment because of the substantial delay from the date the Court signed an Order establishing a log lien fund to the time that the debtors actually set up the fund. Second, Graves contended that it had an equitable lien against the funds realized from the sale of the logs because the log inventory had been commingled. Third, Graves argued that the provisions of the Oregon statute, ORS 87.236(2), which provides for the perfection of log liens either did not apply or that it had in fact been complied with. Some of the issues involved the legal

---

1. On the date of the hearing, the Court allowed Earl Buche Trucking Co., to file its own motion for summary judgment and join in the arguments of Graves. Hereinafter, Graves and Buches will be referred to as "Graves".

2. It should be noted that Graves has already received $80,519.43 of its total lien claim. The current litigation is to recover the balance of its lien, some $48,519.43. Earl Buche's lien is for logs delivered to third-party mills and is in the amount of $10,423.75.

effect on the claimed lien of the delivery of the majority of the logs by Graves to Brazier's mill, and the delivery by Graves of the remainder of the logs to third-party mills.

On the day of the hearing (December 17, 1987), Graves filed a supplemental memo which added a fourth theory that all charges under a single contract may be asserted against a portion of the subject personal property involved in the contract. According to this theory, because the contract was not severable, the lien attached to all of the logs cut by Graves pursuant to the contract and to all the manufactured products of those logs in their changed form.

On February 5, 1988, after having heard and considered the motions, the Court entered a partial summary judgment in favor of Brazier and Rainier and denied Graves' motion. In essence, the Court ruled that the balance of Graves' lien was invalid.

Graves then moved for reconsideration. In its brief, Graves repeated its prior contentions which the Court had rejected. On the day before the motion for reconsideration was to be heard, Graves filed a Supplemental Memorandum in Support of the Motion to Reconsider wherein it set forth a fifth, and new, legal theory which is based on the fact that the value of the raw logs delivered to Brazier's mill exceeded the total amount of its claimed lien. The essence of Graves' new argument is that it is entitled to assert the full amount of its lien against the logs delivered to Brazier's mill because the value of the logs so delivered (as opposed to the manufactured products of those logs, as previously asserted) exceeds the total amount of the lien. Graves contends that while the amount of the labor expended by it on the liened logs delivered to the Brazier mill was $80,000, and another $48,000 is claimed as liened for labor on logs delivered to third-party mills, the value of the logs delivered to Brazier's mill exceeds the $120,000 total. In conclusion, Graves argues that inasmuch as the value of the logs it delivered to the debtor's mill exceeds the amount of its lien, it has presented a valid and controlling theory of law which warrants the granting of its motion for summary judgment.

At the hearing on the motion for reconsideration, counsel for Brazier and Rainier strenuously objected to the timeliness of Grave's new legal theory. The Court then allowed the parties additional time to brief the new theory and the timeliness issue.

## ISSUE

May a party assert a new legal theory, not previously briefed or argued, in support of a motion for reconsideration of an order granting or denying a summary judgment; or as specifically applied to this case, may Graves on the day before the hearing on its motion to reconsider the Court's oral ruling on the cross motions for summary judgment file a supplemental brief which sets forth a new legal theory not previously presented?

## DISCUSSION

■ The briefs on the issue of timeliness present two distinct analyses, neither of which seem to be in point.

Graves argues that it is not presenting a new theory, but is merely explaining its initial position. In support, Graves cites FRCP 1 for the proposition that the rules are to be construed to insure just, speedy, and inexpensive determination of litigation. Graves then continued its analysis under FRCP 15 which pertains to amendments of pleadings. Graves cites the cases and policies to the effect that amendments to pleadings are to be granted liberally so that cases are decided on their merits, rather than on technicalities. In conclusion, Graves seems to contend that it has been responding to the third party mill issues being argued by Brazier and Rainier, and therefore never reached a full explanation of its latest legal theory.

Brazier and Rainier present the applicable law regarding motions for reconsideration in the Ninth Circuit. Motions for reconsideration are governed by FRCP 59(e) and Bankruptcy Rule 9023. *In re Curry and Sorensen, Inc.*, 57 B.R. 824 (9th Cir.B. A.P.1986). Brazier then cites several cases in which the party moving for reconsidera-

tion did so after trial. In *In re Mitchell*, 70 B.R. 524 (Bankr.N.D.Ill.1987), the Court held that a motion for new trial, or to alter or amend a judgment could not be used to raise arguments that could have and should have been made before the judgment was issued or to argue a case under a new legal theory.

Apparently, there are no Ninth Circuit cases on the precise issue as it relates to summary judgment. However, the matter has been dealt with by other Courts of Appeal. In *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir.1988), *petition for cert. filed*, 56 U.S.L.W. 3834 (U.S. May 23, 1988) (No. 87–1919), there had been substantial briefing and argument at the trial court level on the issue of breach of contract to honor stock options. The district court entered summary judgment on behalf of the plaintiff and awarded him some $290,000 in damages. The defendant filed a motion to amend in which it argued, among other things, that the remedy of damages was incorrect as the shares of stock the plaintiff was to have received were to be unregistered, rather than registered shares. At no time during the original motion had the issue been presented that the stock was to be unregistered. The issue arose for the first time on a motion to alter or amend judgment under FRCP 59(e). The Eighth Circuit rejected the appellant's argument that the District Court had abused its discretion in denying the motion for reconsideration. Quoting a Seventh Circuit case, the Court held:

> "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment ... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time."

In short, the *Hagerman* Court held that a motion to alter or to amend a summary judgment cannot be used to raise arguments which could have been raised prior to the entry of the judgment.

Courts in the Seventh Circuit have reached the same conclusion in *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246 (7th Cir.1987), *as amended*, 835 F.2d 710 (7th Cir.1987); and in *Keene Corp. v. International Fidelity Insurance Company*, 561 F.Supp. 656 (N.D.Ill.1983), *aff'd*, 736 F.2d 388 (7th Cir.1984).

There are also two cases out of the District Court of Hawaii which reach the same result. In *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612 (D.Hawaii 1987), a party raised new arguments in its motion for reconsideration without offering any reason for the failure to present the arguments before. The Court held that, "A litigant should not be permitted to assert its arguments seriatim, especially after losing at summary judgment.... A motion for reconsideration is an improper vehicle to tender new legal theories not raised in opposition to summary judgment." A similar conclusion was reached in *All Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645 (D.Hawaii 1987).

In the bankruptcy context, the case of *In re White Farm Equipment Co.*, 63 B.R. 800 (Bankr.N.D.Ill.1986) is instructive. In that case, the memorandum in support of the motion to reconsider reargued issues discussed in previous pleadings and also raised slightly different arguments. The Court held that the slightly different arguments could not be raised for the first time in support of a motion for reconsideration.

Pursuant to the foregoing authorities, the Court concludes that Graves cannot properly raise a new legal theory in support of the motion for reconsideration, and therefore the motion must be denied.

## CONCLUSION

1. As a procedural matter in motions for summary judgment, parties are required to raise all issues so that the courts do not face piecemeal litigation. If legal theories are not raised in the initial motion,

it is untimely to bring them up on a motion for reconsideration, particularly where the evidence and theories could have been readily presented as part of the initial motion.

2. The Court adheres to its positions on Graves' original four theories.

3. In view of the Court's conclusions set forth in paragraphs 1 and 2, it is unnecessary to address the merits of Graves' fifth and latest legal theory.

Accordingly, it is ORDERED that Graves' motion for reconsideration is hereby denied.