## In re WEST COAST DEVELOPMENT CORPORATION OF NAPLES, INC., a Florida corporation, Debtor.

### Bankruptcy No. 87–00563–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Aug. 8, 1988.

---

Timothy J. Norris, David C. Profilet, Weil, Gotshal & Manges, Miami, Fla., for debtor.

William C. Crenshaw, Valdes–Fauli, Cobb & Petrey, Miami, Fla., Nancy Ratchford, Hopkins & Sutter, Irving, Tex., for FSLIC.

MEMORANDUM DECISION AND ORDER DENYING MOTION OF FSLIC FOR RECONSIDERATION AND FOR NEW TRIAL

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court on Tuesday, July 5, 1988 on the Motion of the FSLIC for Reconsideration and for New Trial. By its motion, the Federal Savings and Loan Insurance Corporation as receiver for Sunrise Savings and Loan Association ("FSLIC") seeks reconsideration of the Court's May 9, 1988 Order Allowing and Authorizing Payment of Interim Compensation and Reimbursement of Expenses to Attorneys for the Debtor (court paper 80), alleging that West Coast improperly paid the allowed fees and costs from FSLIC's cash collateral. FSLIC has moved pursuant to Bankruptcy Rules 9023 and 9024, incorporating Rules 59 and 60 of the Federal Rules of Civil Procedure, respectively. Finding that the motion fails under both rules for the reasons set forth below, the Court denies FSLIC's motion.

*Motion for New Trial—Rule 59*

First, FSLIC seeks a "new trial" pursuant to Rule 59. That rule provides: "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(b). The order which FSLIC asks the Court to review was entered on the docket May 16, 1988. FSLIC filed and served its motion June 24, 1988, substantially more than ten days after entry of the order. Thus, FSLIC's motion under Rule 59 is untimely and therefore denied. *See, e.g., Hulson v. Atchison, T. & S. F. Ry.,* 289 F.2d 726, 729 (7th Cir.1961) ("Rule 59(b) ... prohibits a trial court from granting a motion for new trial made after the expiration of 10 days after entry of judgment. 'The trial court did not have jurisdiction to hear and pass on reasons for a new trial which were not assigned and served on defendants within ten days after the entry of the judgment.'" (quoting *Fine v. Paramount Pictures,* 181 F.2d 300, 303 (7th Cir.1950))); *Barone v. Strouse, Greenberg Mortgage Co., Inc. (In re Campfire Shop, Inc.),* 71 B.R. 521, 522 (Bankr.E.D.Pa.1987) (Rule 59 "must be interpreted strictly, and Motions must be *served* upon opposing counsel within ten (10) days of the Order in question, or they must be summarily denied because of our absence of jurisdiction to consider them.").

*Motion for Relief from Order—Rule 60*

FSLIC also seeks relief from the May 9 order under Rule 60. That Rule permits the Court to grant a party relief from a judgment or order because of mistake, excusable neglect, newly discovered evidence or fraud. However, not only has FSLIC failed to plead any grounds for re-

lief under Rule 60, but FSLIC also has failed to meet the applicable standard.

Even the most liberal review of FSLIC's motion fails to reveal any allegations of mistake, excusable neglect, newly discovered evidence or fraud which might form the basis for relief under Rule 60. At the hearing on FSLIC's motion, counsel for FSLIC argued that the grounds for the motion were a combination of all of the grounds set forth in the rule but failed to proffer specific facts which could demonstrate mistake, excusable neglect or fraud. The burden was on FSLIC to do so. *See Solaroll Shade & Shutter Corp., Inc. v. Bio–Energy Sys., Inc.,* 803 F.2d 1130, 1132 (11th Cir.1986). Nor did counsel proffer any newly discovered evidence.

The determination of a motion for relief from a judgment or order under Rule 60 is within the Court's discretion. *E.g., id.* at 1132. "Rule 60(b) 'is an extraordinary remedy [, however,] which may be invoked only upon a showing of exceptional circumstances,' and, most courts using Rule 60(b) in this manner have limited its use accordingly." *Tucker v. Commonwealth Land Title Ins. Co.,* 800 F.2d 1054, 1056 (11th Cir. 1986) (citations omitted) (quoting *Griffin v. Swim Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984)). As I have noted before while sitting as a visiting bankruptcy judge in the Middle District of Florida: "Forgetfulness and the press of other more important business is insufficient to establish excusable neglect." *In re Uiterwyk Corp.,* 57 B.R. 166, 166 (Bankr.M.D.Fla.1986). "Carelessness is not synonymous with excusable neglect." *Id.* In this case, the Court finds no mistake or surprise and has heard no new evidence and therefore denies FSLIC's motion. *See United States ex rel. Duval Tile Supply, Inc. v. Byer Indus., Inc.,* 794 F.2d 1560, 1561 (11th Cir. 1986).

In sum, FSLIC's motion for reconsideration and new trial was untimely under Rule 59(b) and fails to come within any of the bases for reconsideration under Rule 60. Accordingly, it is hereby

ORDERED that the Motion of the FSLIC for Reconsideration and for New Trial is DENIED.