**In re IONOSPHERE CLUBS, INC. and Eastern Air Lines, Inc., Debtors.**

**John N. DANIGGELIS, Movant,**

v.

**EASTERN AIR LINES, INC., Respondent.**

**Bankruptcy Nos. 89 B 10448 (BRL), 89 B 10449 (BRL).**

United States Bankruptcy Court, S.D. New York.

Sept. 6, 1989.

John N. Daniggelis, pro se.

Weil, Gotshal & Manges by Deryck Palmer and Laura Sillins, of counsel, New York City, for debtors.

DECISION ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO INCORPORATE MOVANT'S MARKETING PROGRAM INTO DEBTOR'S PLAN OF REORGANIZATION

BURTON R. LIFLAND, Chief Judge.

BACKGROUND

On March 9, 1989, Eastern Air Lines, Inc. ("Eastern") and its affiliate, Ionosphere Clubs, Inc. ("Ionosphere"), each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the

"Code"). Eastern and Ionosphere have continued to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Code.

On May 10, 1989, John N. Daniggelis ("Daniggelis/Movant") filed two motions (the "Motions") before this Court, one styled as a "Motion To Incorporate Petitioner's Marketing Program, Worth Approximately $50 Million Of Profits To Eastern Airlines, Into The Reorganization Plan Accepted By the Bankruptcy Court . . .," and the other styled as a "Motion For A Protective Order Against The Placing Of The Contents Into The Public Domain Through The Media And Against The Disclosure To Any Third Party. . . ."

The first motion, seeks an order from this Court instructing Eastern to incorporate the Movant's second marketing program into Eastern's plan of reorganization. Daniggelis states in his Motions that his second marketing program would realize approximately $50 million in profits for Eastern; but Movant does not disclose the second marketing program for [self proclaimed] obvious competitive reasons. (*See, e.g.,* Daniggelis' Motion For Reconsideration at 1.) However, what Daniggelis views as *obvious* is revealed as rather *obscure* in the supporting narrative contained in the supporting applications for the Motions.

On June 5, 1989 a hearing was held on the Motions. This Court denied Daniggelis' Motions for failure to state a cognizable claim or right upon which relief could be granted. On June 29, 1989 an order denying Daniggelis' Motions to incorporate his marketing program into Eastern's plan of reorganization in its Chapter 11 case (the "Order") was signed and was subsequently docketed on July 6, 1989.

## DISCUSSION

### 1) *Jurisdiction.*

On July 17, 1989 Daniggelis filed both an undated motion with this Court seeking reconsideration of the Order dated June 29, 1989 denying his prior Motions to incorporate his marketing program into Eastern's plan of reorganization (the "Reconsideration Motion") and a notice of appeal from the same Order.

Since the filing of an appeal is generally preemptive, it would appear that there is a threshold issue as to whether this Court should proceed with the Reconsideration Motion or whether the notice of appeal divested this Court of jurisdiction of the Daniggelis matter. However, pursuant to Bankruptcy Rule 8002(b), a timely motion for reconsideration of an order renders an appeal from such order a nullity. *See, In re Crystal Sands Properties*, 84 B.R. 665, 667 (B.A.P. 9th Cir.1988). A motion to alter or amend a judgment destroys the finality of the judgment for the purposes of appeal. 6A *Moores Federal Practice* ¶ 59.12[1] at 59–262 (2d ed.1989).

Pursuant to the Federal Rules of Civil Procedure (the "Federal Rules") Rule 59(e), made applicable herein pursuant to Bankruptcy Rule 9023 provides in pertinent part as follows:

> A motion to alter or amend the judgement shall be served no later than 10 days after entry of the judgment.

Daniggelis' Reconsideration Motion was timely filed, and therefore, for purposes of this Court's jurisdiction over the Reconsideration Motion, Daniggelis' appeal from the Order is of no effect. Consequently, this Court does have jurisdiction to consider the Reconsideration Motion.

### 2) *Motion For Reconsideration.*

█ Pursuant to the Southern District of New York Local Bankruptcy Rules (the "Local Rules"), Local Rule 13(j) prior to considering the merits of a party's motion and before any oral argument may be heard this Court must initially consider whether or not to grant the motion to reargue. Local Rule 13(j) provides in pertinent part as follows:

> No oral argument shall be heard unless the court grant the motion and specifically directs that the matter be reargued orally.

The trial court maintains sole discretion in deciding whether or not to entertain a

motion for reconsideration. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); 6A *Moores Federal Practice*, ¶ 59.05[5] at 59–47. However, prior case-law has provided certain guidelines for determining the extent of the trial court's discretion. *See, In re Brazier Forest Products, Inc.*, 91 B.R. 566 (Bankr.W.D.Wa.1988). "Motions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr.S.D. Iowa 1988), *In re Pettibone Corp.*, 74 B.R. 293, 298 (Bankr.N.D.Ill.1987); *In re Metro Transp. Co.*, 78 B.R. 416, 417 (Bankr.E.D. Pa.1987); *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr.S.D.N.Y.1986); *see also*, 6A *Moores Federal Practice*, ¶ 59.07 at 59–72. "[Federal Rule] 59(e) has a narrow reach whose purpose is that of granting the court jurisdiction to rectify its *own* mistakes in the 10 day period following the entry of a judgment." *In re Crozier*, 60 B.R. at 687 (emphasis in original). *See also, White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450, 102 S.Ct. 1162, 1165, 71 L.Ed.2d 325, 330 (1982).

"A motion based on manifest error of law or fact will not be granted except on a showing of some substantial reason. The burden is on the movant to demonstrate these manifest errors." *In re Crozier*, 60 B.R. at 688. *See also, Hager v. Paul Revere Life Ins. Co.*, 489 F.Supp. 317, 321 (E.D.Tenn.1977), *aff'd*, 615 F.2d 1360 (6th Cir.1980); *Solar Laboratories v. Cincinnati Advertising Products Co.*, 34 F.Supp. 783 (S.D.Ohio 1940).

■ It appears that in support of his Reconsideration Motion, Daniggelis is asserting that the colloquy which took place between this Court and Daniggelis on the prior hearing date supports the proposition that this Court was mistaken in fact as to the consequences surrounding his motion. This assertion by Daniggelis, however, is incorrect. Daniggelis' original set of papers, as well as the papers currently before this Court, were and are rambling, and are of dubious relevance to the essential quest which is to ultimately have Eastern adopt a marketing program espoused by movant. The papers fail to set any cognizable cause or bases for the grant of such relief. Consequently, in the prior colloquy this Court was merely inquiring as to whether Daniggelis, a pro se petitioner, was an attorney and whether he had contacted this Court on prior occasions as this Court had received several other correspondences and communications regarding various marketing schemes sought to be imposed in the case. The sole purpose of the inquiry was to flush out whether Daniggelis did indeed have some type of legitimate claim or legal right implicating the Debtor's estate. There was no mistake of either law of fact by the Court which would warrant a revisit of the earlier Motions.

■ Additionally, pursuant to Federal Rule 60(b) a court is permitted to grant a party relief from a judgment or order because of, *inter alia*, mistake, excusable neglect, newly discovered evidence or fraud. *In re West Coast Development Corp.*, 89 B.R. 993, 995 (Bankr.S.D.Fla. 1988). In order to be granted such exceptional relief, the movant has to make a strong showing that the motion fits into one of the six special circumstances enumerated in Federal Rule 60(b). Federal Rule 60(b) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstance. *In re West Coast Development Corp.*, 89 B.R. at 995; *Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir.1986); *Griffin v. Swim–Tech Corp.*, 722 F. 2d 677, 680 (11th Cir.1984). Similarly, Daniggelis has not submitted any new evidence or established that the extraordinary relief permitted pursuant to Federal Rule 60(b) is warranted under these circumstances. Instead, Daniggelis, in his latest set of motion papers wherein there is a lengthy unfocused dissertation concerning litigation relating to himself as plaintiff arrayed against Eastern, General Motors and Campbell–Ewald, now, based on his status as a "stockholder" seems to be requesting that this Court compel Eastern to negotiate with him because the failure of Eastern to do so constitutes bad faith and violates the

"business judgment rule". However, Daniggelis has again failed to state a cognizable right to the relief requested. The sole fact that an entity becomes a debtor-in-possession subject to court control and statutory obligations and duties under Title 11 of the United States Code does not remove the entity's "freedom of contract" rights. Daniggelis has not established that the Debtor has breached its fiduciary duty to its creditors and stockholders with respect to its business judgment as to his or for that matter any other business proposals.

Accordingly, based on the foregoing discussion and as stated at the previous hearing, the underlying relief sought by Daniggelis is not cognizable. *See,* Transcript of Hearing, dated June 5, 1989 at 65. Thus, Daniggelis' Reconsideration Motion is hereby denied.

Submit an order in accordance with the foregoing.