**In re SISKEY HAULING COMPANY, INC., Debtor.**

**Jeffrey K. Kerr, Chapter 7 Trustee, Plaintiff,**

**v.**

**Commercial Credit Group, Inc., Siskey & Sons Hauling Company, Atlanta Fuel Company, and FleetOne Factoring, LLC, Defendants.**

**Bankruptcy No. 10–77265–MGD. Adversary No. 10–06493–MGD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Sept. 2, 2011.

Chris D. Phillips, Stuart F. Clayton, Jr., Lamberth, Cifelli, Stokes, Ellis & Nason, Atlanta, GA for Plaintiff.

John A. Thomson, Jr., Womble Carlyle Sandridge & Rice, PLLC, Ryan L. Isenberg, Isenberg & Hewitt, PC, Thomas Rosseland, Bodker, Ramsey, Andrews, et al., P.C., Ron C. Bingham, II, Stites & Harbison PLLC, Atlanta, GA, Michael W. Ullman, Ullman & Ullman, PA, Boca Raton, FL, for Defendants.

### ORDER DENYING DEFENDANT FLEETONE FACTORING LLC'S MOTION FOR RECONSIDERATION

MARY GRACE DIEHL, Bankruptcy Judge.

In this case, FleetOne Factoring, LLC asks the Court to reconsider its Order Denying FleetOne's Motion for Summary Judgment. FleetOne argues that the Court overlooked deposition testimony in the record that creates a dispute as to a material fact. The fact FleetOne refers to is immaterial and does not change the Court's legal conclusions, and therefore the Motion to Reconsider is denied.

### I. Procedural History

The Chapter 7 Trustee ("Trustee") commenced this adversary proceeding on Sep-

tember 2, 2010. (Doc. No. 1). Trustee's Complaint seeks (1) to determine the extent, validity, and priority of liens and claims against Debtor's accounts receivable and certain equipment and (2) to avoid certain transfers and liens of defendants. (Doc. No. 1). FleetOne Factoring, LLC ("FleetOne") filed a counterclaim against Trustee and crossclaims against Commercial Credit Group, Inc. ("CCG") and Atlanta Fuel Company ("AFC"). (Doc. No. 17).

FleetOne filed a Motion for Summary Judgment on April 11, 2011, asserting that it held the first-priority lien on Debtor's accounts receivable. (Doc. No. 62). Responses and a reply were filed. CCG also filed a Motion for Summary Judgment on June 3, 2011. (Doc. No. 84). The Court denied FleetOne's Motion for Summary Judgment on August 2, 2011. (Doc. No. 96). FleetOne filed a Motion for Reconsideration on August 15, 2011 (Doc. No. 100), and Trustee, CCG, and AFC have each filed a response thereto. (Doc. Nos. 101 & 102).

## II.  Standard for Reconsideration

Rule 59 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding under Rule 9023 of the Federal Rules of Bankruptcy Procedure, governs a motion for reconsideration of an order. Motions for reconsideration cannot be used to relitigate issues previously decided. *In re Hollowell,* 242 B.R. 541, 542–43 (Bankr.N.D.Ga.1999). A motion for reconsideration serves the limited function of correcting manifest errors of law or fact, *In re Ionosphere Clubs, Inc.,* 103 B.R. 501, 503 (Bankr.S.D.N.Y.1989), and should not be used to raise arguments which could have been raised before the subject judgment was issued. *O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir. 1992). "Reconsideration is only absolutely

necessary where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy,* 246 F.Supp.2d 1256, 1258–59 (N.D.Ga.2003) (internal quotations omitted) (citing *Jersawitz v. People TV,* 71 F.Supp.2d 1330 (N.D.Ga.1999)); *Paper Recycling, Inc. v. Amoco Oil Co.,* 856 F.Supp. 671, 678 (N.D.Ga.1993).

## III.  Conclusions of Law

In its Motion for Summary Judgment, FleetOne argued that it was entitled to RBC Capital, LLC's ("RBC") first-priority position in Debtor's accounts receivable. (Doc. No. 62). Before FleetOne purchased Debtor's accounts receivable in May 2010, RBC held a first-priority lien in them. Although RBC did not assign its interest in the accounts receivable to FleetOne, FleetOne argued that it should be equitably subrogated to RBC's first-priority position because it paid off the debt Debtor owed to RBC. The Court denied FleetOne's Motion for Summary Judgment because the undisputed facts showed that FleetOne was guilty of inexcusable neglect, and therefore not entitled to equitable subrogation. (Doc. No. 96). Specifically, FleetOne knew of CCG's lien in the accounts receivable before FleetOne purchased them, and yet FleetOne failed to structure its transaction to legally succeed to RBC's position. FleetOne seeks reconsideration of the Court's Order by arguing that (1) a factual issue exists as to whether FleetOne had actual knowledge of CCG's lien and (2) the Order in effect grants CCG's Motion for Summary Judgment without considering FleetOne's responses thereto and without shifting the burdens.

As to FleetOne's knowledge of the lien, FleetOne asserts that the Court overlooked the record deposition testimony of Steven Pritchard, an employee of Flee-

tOne. Statements from that deposition testimony are reproduced in FleetOne's response to CCG's Motion for Summary Judgment.[1] (Doc. No. 89). Mr. Pritchard's testimony is that he received a UCC search report, that he reviewed the report, that the report reflected CCG's properly indexed UCC–1, but that he did not actually see CCG's lien on the report before closing the transactions with Debtor and RBC. (Doc. No. 89). Because Mr. Pritchard failed, for whatever reason, to notice CCG's lien, FleetOne argues that it did not have actual knowledge of CCG's lien.

■ FleetOne's Motion for Reconsideration fails to meet the standard necessary for reconsideration. FleetOne does not offer any new facts or changes in the law. Nor does FleetOne show a clear error of fact or law. It is undisputed that FleetOne received a UCC search report, and that CCG's lien was the first lien listed on that report. The deposition testimony that FleetOne's Motion for Reconsideration is based on is immaterial and does not change the Court's legal conclusion. FleetOne's argument boils down to the assertion that there is a factual issue as to knowledge because Mr. Pritchard reviewed the report but did not notice CCG's lien on the report. Regardless of this deposition testimony, FleetOne—a business entity—is still charged with knowledge of CCG's lien.

The Eleventh Circuit has held that a business entity has knowledge of a document's contents if that document is received and placed in the business's files. *Fairmont–Tillett v. First Memphis Realty Trust*, 691 F.2d 991, 991 (11th Cir.1982). The *Fairmont–Tillett* case involved the issue of whether a business had knowledge of a restrictive encumbrance that was noted on a title policy held in the business's files. According to the Eleventh Circuit, even though "the individuals involved on behalf of the [business] did not remember the papers received ... or did not bother to look at them.... the [business] can be held to know what is or should be in its own files concerning the property sold. This is not constructive knowledge ... but actual knowledge." *Id.* Other Courts of Appeal have also recognized this general legal principle. *See Dyno Constr. Co. v. McWane, Inc.*, 198 F.3d 567, 576 (6th Cir. 1999).

Here, it is undisputed that FleetOne received a UCC search report, and that CCG was listed as the first lienholder on that report. Because that report was received and placed in FleetOne's files, FleetOne had knowledge of the lien. That Mr. Pritchard claims he did not personally see the lien is immaterial to the legal issue of whether FleetOne knowledge. Mr. Pritchard's deposition testimony does not alter the Court's legal conclusion that, given FleetOne's knowledge, FleetOne was on notice to properly structure a transaction to legally succeed to the first-priority position of RBC. Because FleetOne did not avail itself of this legal remedy, FleetOne is guilty of inexcusable neglect and is therefore not entitled to equitable subrogation.

FleetOne's second argument for reconsideration—that the Court effectively granted CCG's Motion for Summary Judgment without shifting the burdens—is likewise without merit. The Court has not ruled on CCG's Motion for Summary Judgment; rather, it ruled on the legal

---

1. The deposition testimony reproduced in that response is not contained in the Deposition Transcript of Steven Pritchard that was filed at Doc. No. 94 on July 25, 2011. The Deposition Transcript at Doc. No. 94 appears to contain pages 155 to 165 of the Pritchard deposition, not pages 129 to 132 that FleetOne cites to.

issues placed before it at the urging of FleetOne. Under the undisputed facts (i.e., FleetOne's receipt of the UCC search report) currently in the record, the Court ruled only that FleetOne was not entitled to judgment as a matter of law.

Accordingly, for the reasons stated above, it is

**ORDERED** that FleetOne's Motion for Reconsideration is **DENIED.**